## International Harvester Company of America, et al. v. Brown.

(Decided December 10, 1918.)

### Appeal from Daviess Circuit Court.

1. Sales—Rescission—Reasonable Time—Question for Court or Jury. —While ordinarily the question whether the offer to return a defective machine was made within a reasonable time is for the jury, yet when it plainly appears, from all the facts and circumstances in the case, that the offer was not made within a reasonable time, the question becomes one of law to be determined by the court.

2. Sales—Rescission—Time of Rescission—Waiver.—Plaintiff purchased an automobile truck in November and ascertained that it was defective in January. After having it repaired and making numerous efforts to make it work satisfactorily, he offered to return it to the seller in April or May. The seller asked him to take and use the machine and promised that the company would make it work all right. The machine was repaired by the company, but within a few days again became defective. Thereafter, plaintiff regularly used the machine in his business and though he frequently complained to the company's agent, there was no further promise that the company would make it work satisfactorily. In the month of November he tendered the machine to the company. At that time the rubber was worn off the tires and the machine was in bad condition. Held, in view of the character of the machine, its condition when finally ten-

dered to the defendant, and the length of time that plaintiff continued to use it in his business after he knew that it was defective, and that the defects could not or would not be remedied by the defendant, that plaintiff waived his right to rescind.

E. B. ANDERSON, WOODWARD & DIXON, W. P. SANDIDGE and FLOYD LASWELL for appellants.

BIRKHEAD & WILSON and VICTOR A. REMY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiff, C. O. Brown, brought this suit in equity against the International Harvester Company of America and its alleged agent, John F. Hayden, to rescind the sale of an automobile truck for breach of warranty. The case was transferred to the common law docket for a trial of the issues of fact. The jury found for plaintiff. Judgment was then rendered, rescinding the sale and awarding a money judgment in the sum of $637.70. The defendants appeal.

While numerous errors are assigned for reversal, the only question we deem it necessary to determine is whether plaintiff offered to rescind the contract and to return the truck within a reasonable time after he learned of the breach of warranty. To this end we shall assume without deciding, that the defendant, John F. Hayden, and Robert Huffard were agents of the International Harvester Company, with authority not only to sell the truck but to rescind the contract. According to plaintiff's evidence, the alleged sale was made in the month of November, 1915. When the truck was delivered it was accompanied by a demonstrator, who explained the use of the truck for a period of about ten days. The purchase price of the truck was $850.00. For this sum, plaintiff executed seventeen notes for $50.00 each, payable monthly. The company represented that the truck would do the work of three wagons drawn by horses, and that it would guarantee it in every respect. A few days thereafter plaintiff began to have trouble with the chains and the truck was frequently out of commission. This happened right along in January and February, and possibly in December. In the month of April or May, 1916 (he didn't remember the exact date), he notified Mr. Hayden that the machine would not do the work and was

subject to his orders. About the same time he saw Mr. Huffard and told him that his machine would not do the guaranteed service and he would have to turn it back to him. Thereupon Mr. Huffard told him that they would send a mechanic from the company's shops to work on the machine, and further told him to take the machine and use it, and if it didn't do the work they would make it good.- Mr. Hayden took the machine to his place of business and an expert mechanic came from Evansville and worked on the machine. Within a few days the same trouble arose and he made frequent complaints to Huffard. In the month of November, 1916, he put the machine in a garage and notified Hayden that the machine was there subject to the company's orders. It further appears, that with the exception of the days when the truck was out of order, it was regularly used by the plaintiff for the purpose of delivering groceries and that plaintiff consumed, on an average, about 131 gallons of gasoline per month. When the machine was finally placed in the garage subject to the company's orders, the rubber was worn off of the tires and the machine was in bad condition.

Though it be conceded that plaintiff's first offer to return the truck in April, 1916, was made within a reasonable time, we are unable to take the same view of his subsequent offer made in the month of November. While he testifies that Huffard told him to take and use the machine and the company would make it work, he admits that within a few days after the machine was repaired by the company it failed to work properly. While he says that after that time he frequently made complaints to Huffard, there is no evidence to the effect that Huffard thereafter requested him to use the machine under a promise that the company would make it work satisfactorily. Indeed, plaintiff's own evidence shows that he did not use the machine merely for the purpose of testing it, but regularly used it in delivering groceries from early in the morning until late at night, for a period of about six months after the company had failed to make it work properly. By that time, the rubber was worn off the tires and the machine was in bad condition. It was then impossible for plaintiff to place the defendant in statu quo. While ordinarily it is for the jury to say whether the offer to return was made within a reasonable time, yet

when from all the facts and circumstances it plainly appears that the offer to return was not made within a reasonable time, the question becomes one of law to be determined by the court. Dick v. Clark Electric Co., 161 Ky. 622, 171 S. W. 198; McCormick Harvesting Machine Co. v. Arnold, 116 Ky. 508, 76 S. W. 323; Meek Coal Co. v. Whitcomb Co., 164 Ky. 833, 176 S. W. 344. Considering the character of the machine, its condition when finally tendered to the defendant, and the length of time that plaintiff continued to use it in his business after he knew that it was defective, and that the defects could not or would not be remedied by the defendant, we conclude that plaintiff waived his right to a rescission and that the trial court erred in adjudging him the relief prayed for.

Judgment reversed and cause remanded for new trial consistent with this opinion.