## Church, et al. v. Wright Machine Co.

(Decided December 17, 1920).

### Appeal from Daviess Circuit Court.

1. Contracts—Rescission.—Before a purchaser of personal property can have a rescission of a contract, he must put the seller in statu quo by returning the property purchased if it be of value, or offering to return it if it be refused.

2. Contracts—Rescission.—The purchaser of personal property can not have a rescission of the contract unless he return the property purchased to the seller at the place of delivery within the time specified in the contract, if such a time be fixed; and if no time be fixed by the contract then within a reasonable time, the facts and circumstances considered.

3. Contracts—Rescission—Damages for Breach.—If personal property when delivered is not in compliance with the terms of the contract of purchase, the purchaser may have relief in one of two ways: (1) return the property and have a rescission of the contract; (2) retain the property and sue for the damages suffered by reason of the breach of the contract.

E. B. ANDERSON for appellants.

W. P. SANDIDGE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

About April 1, 1916, Church and Rogers by a written contract purchased from appellee, Wright Machine Company, a dredge machine of a specific size and character, at the price of $4,000; $1,000 was paid in cash and the balance was paid on delivery of the machine at the shops in Owensboro on May 23, 1916. The machine was purchased for the express purpose of digging and cleaning out ditches and doing other dredge work of that nature. According to the contract the manufacturers were to set up the machine and put it in good running order, and the company warranted it free from defects in material and workmanship. After it was set up by the makers its foreman undertook to operate the dredge machine but had great difficulty in doing so because of the insufficiency of the power of the engine, defectiveness of material and poor workmanship in the construction of the machine. The machine gave way in many parts and was altogether unsatisfactory. After trying it for several months, at the instance of the manufacturers, the machine was returned to the shop to be rebuilt and when it came out again it operated no better than at first, and even appellee's agent, Kersey, who was the inventor of the machine, undertook to operate the machine and gave up in despair, admitting that the machine was too imperfect to perform the work for which it was constructed. Finally, about July 1, 1917, both the maker and the buyers abandoned the machine on a ditch where they had or were attempting to operate it, and each declined to have anything further to do with it.

Shortly thereafter Church and Rogers instituted an action against the Wright Machine Company for a rescission of the contract. The case was prepared and went to trial but at the conclusion of the evidence for the plaintiffs the court was about to sustain a motion for a directed verdict in favor of the machine company when the plaintiffs, Church and Rogers, dismissed their action without prejudice. This we learn from the briefs of counsel in the case, although that is not the judgment from which this appeal was taken. That motion was about to be sustained no doubt on account of the failure of the plaintiffs, Church and Rogers, to place the machine company in *statu quo* by returning the unsatisfactory machine to the place of delivery. Immediately after the dismissal of that action, Church and Rogers returned the dredge machine to the plant of the Wright Machine Com-

pany at Owensboro, where it had been received, demanded the purchase price paid, which was refused, and immediately brought this action for a rescission of the contract, alleging that the machine was wholly unsatisfactory and unsuited for the purposes for which it was intended and for which they purchased it, and that they returned it to the Wright Machine Co. and demanded their money, $4,000, which had been refused. Issue was joined and after hearing the evidence offered by plaintiffs, Church and Rogers, the court sustained the motion of the machine company for a directed verdict in its favor on the ground that the plaintiffs, Church and Rogers, had failed to return, or offer to return the dredge machine to the machine company within a reasonable time, no time having been fixed in the contract for such return of the property in case of a rescission, and dismissed the action, and this appeal results.

It is admitted that the machine proved unsatisfactory and was not suited to the work for which it was purchased and intended to be used. It is also admitted that the machine company was unable to rebuild it so as to make it satisfactory; that the machine was fully paid for by Church and Rogers and was left by them on the ditch some eighteen miles from the shops where it was built; that it was not returned by Church and Rogers to the machine company for more than two years after its purchase and more than ten months after Church and Rogers had ceased to operate it. So, the only question necessary for us to determine is the correctness of the ruling of the trial court in holding, as a matter of law, that the delay of ten months on the part of Church and Rogers in returning the machine to the seller was unreasonable and, therefore, not such a delivery or return of the property as would entitle them as buyers to a rescission of the contract even though it be admitted that the machine was wholly unfit for the purpose which it was built and sold.

When a buyer determines not to abide the contract but to ask a rescission he must restore the property obtained under the purchase to the seller at the place of delivery unless he is prevented from so doing by some act of the seller, the property is worthless, or there is some other valid excuse; and he must not delay delivery beyond a reasonable time, and a reasonable time is such as will enable him by the exercise of ordinary diligence to carry the property to the place of delivery, its

nature, character and size considered. Until he does this he is not entitled to maintain an action for a rescission of the contract.

It has been held in many cases that a delay of a few weeks or even one or two months in the return of machinery is not unreasonable, but all this depends upon the nature of the property and circumstances of the case. There is and can be no hard and fast rule by which to determine what is and what is not an unreasonable delay, but this in some measure depends upon the convenience of the parties; the size of the machinery; the distance it has to be moved; its weight and also the ability of the parties.

In the case at bar the plaintiffs kept the dredge for about two years from date of purchase before making a return of it to the factory at Owensboro, and left it at the place of its abandonment for more than ten months before returning it to the maker as an indication of their intention to rescind the contract. It seems to us that this was an unreasonable time to wait, and such delay without excuse or reason is *per se* such as will bar the buyers right of rescission. Central Life Insurance Co. v. Taylor, 164 Ky. 844.

If a contract between the parties provides the time the property may be returned and a rescission had, then the buyer must return it within the time so fixed by the contract; but if no time is fixed in the contract then the property must be returned by the buyer within a reasonable time, all the facts and circumstances considered. Such is the general rule as shown by the following cases: Glover Machine Works v. Cook-Jellico Coal Co., 173 Ky. 676; Clark v. Johnson Foundry & Machine Co., 19 Ky. L. Rep. 973; Dick v. James Clark, Jr., Electric Co., 161 Ky. 622; Hauss v. Surran, 168 Ky. 686; McCormick Harvesting Machine Co. v. Arnold, 116 Ky. 508; Miller v. Gaither, 3 Bush 152; Ruby Carriage Co. v. Kremer, 26 Ky. L. Rep. 274; International Harvester Co. of Am. v. Brown, 182 Ky. 435.

If a buyer would rescind he must first place the seller *in statu quo* by returning or offering to return the property. James Clark, Jr. v. Electric Co., 161 Ky. 622; Hogging v. Bancroft, 1 Dana 28; 25 Cyc. pp. 148 and 149; Nicholas & Shepherd v. Stubbs, 160 Ky. 694; Dick v. Electric Co., 161 Ky. 622.

It appearing that the buyers of the dredge machine allowed it to remain at the place where they had used it and abandoned it and resolved to rescind the trade without returning or offering to return it to the seller for more than two years, and at least ten months after the abandonment in the fields without any fault on the part of the seller or any satisfactory explanation of the unusual delay, we are of opinion that the trial court correctly held the delay so great as to, as a matter of law, bar their right to a rescission of the contract.

In the cases where the property purchased is not a compliance with the terms of the contract, the buyer, if free from fault, may have relief in one of two ways: (1) return the property and sue for a rescission of the contract; or (2) retain the property and sue for damages for breach of the contract. Of course he can exercise only one remedy, and when he elects to have a rescission he can not thereafter have damages for the breach. Louisville Ry. Co. v. Raymond's Admr., 135 Ky. 738; Roberts etc., v. Moss, 127 Ky. 657; The Joseph Goldberger Iron Co. v. The Cincinnati Iron & Steele Co., 153 Ky. 20.

Ordinarily in a sale of personal property when there is a breach of warranty the purchaser may return the property and recover the purchase price, or he may recover damages for a breach of warranty, and so in the case at bar. McCormick Harvesting Machine Co. v. Arnold, etc., 116 Ky. 513.

For reasons indicated the judgment is affirmed.