## Leming v. Howell.

(Decided March 2, 1923.)

### Appeal from Larue Circuit Court.

1. Sales—Buyer Must Restore Property Within Reasonable Time to Rescind for Breach of Warranty.—In order to avail himself of his right to rescind for breach of warranty, the buyer of chattels must restore or offer to restore the property within a reasonable time after the discovery of the defects.

2. Sales—Buyer Cannot Rescind Purchase of Tractor in Absence of Warranty.—The buyer of a tractor cannot cancel his contract because of defects in the machine, in the absence of a warranty of its sufficiency.

3. Sales—Delay at Seller's Request to Give Chance to Make Machine Perform Does Not Prevent Rescission.—Where the buyer of a tractor gave prompt notice to the seller that it failed to perform according to warranty, his delay in returning or attempting to return the tractor to the seller, on the seller's request that he be given an opportunity to repair and adjust the machine to make it perform according to the warranty, does not estop the buyer from thereafter returning the machine and demanding a rescission of the contract.

SAM Y. JONES for appellant.

WILLIAMS & HANDLEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellant Leming, a dealer in farming implements, sold appellee Howell, a farmer, a farm tractor for $700.00. The machine proved unsatisfactory and Howell tendered it back and sued Leming for the $700.00 paid him for the tractor. Appellant Leming defended on two grounds: (a) He did not warrant the tractor, and (b) if there were a warranty, as claimed by appellee Howell, he was too late in demanding a rescission of the contract.

Appellee Howell testified and introduced evidence to prove that appellant Leming warranted the tractor in all

respects, as claimed, while appellant Leming denied he warranted the tractor and called witnesses to prove he did not do so. The evidence of appellee Howell further shows that the machine was defective, unsatisfactory and disabled from the day of delivery and that he repeatedly offered to return it to appellant and demanded a rescission of the contract; that appellant begged him each time to keep the tractor a little longer and give appellant a chance to make it work, and promised to put the machine in good condition, but failed to do so. All this is likewise denied by appellant Leming and some of his witnesses.

It is a well established and frequently confirmed rule of law applied by this court that the purchaser of personal property, under a warranty which has failed, must in order to avail himself of the right to a rescission of the contract restore or offer to restore the property within a reasonable time after the discovery of the defects. J. I. Case Threshing Machine Co. v. Patterson, 137 Ky. 180; J. I. Case Threshing Machine Co. v. Lyons, 72 S. W. 356; 24 R. 1862; Bailey v. Nichols, 8th Ky. Law Reporter 64.

If there had been no warranty of the sufficiency of the tractor, the law would not allow, in a case of this character, a cancellation of the contract. The rule is otherwise where the purchaser tenders the machine back within the time specified or within a reasonable time, and the seller asks the purchaser to retain it longer so that the seller may have an opportunity to make it comply with the contract, and the machine is so retained.

Where the seller of machines delivers a defective machine and thereafter, through his agents and servants, attempts to make the machine perform the functions for which it was intended and while thus engaged in attempting to accomplish this purpose, requests the purchaser to keep the machine and give the seller a chance to make it perform, the retention of possession of the machine under such conditions does not, no matter how long continued, operate to estop the purchaser from returning the machine and demanding a rescission of the contract, including a return of his money paid for the machine, in the absence of intervening equities. DeBaun v. Weaver, 190 Ky. 685; Bernard v. Napier, 167 Ky. 824; Hausse v. Sarron, 168 Ky. 686; J. I. Case Threshing Machine Co. v. Walters Brothers, 197 Ky. 348; 35 Cyc. 542-548.

For the reasons indicated the judgment is affirmed.

Judgment affirmed.