# Hellmers & Bettman, Partners, et al. v. Norris & Downard, Partners, et al.

(Decided December 18, 1923.)

## Appeal from Bracken Circuit Court.

1. Sales—Duty of Purchaser on Rejection to Notify Seller within Reasonable Time, Otherwise Become Liable for Price.—It was the duty of buyers, upon receiving consignment of shoes, if they intended to reject them, to notify the sellers and return the shoes or offer to return them within a reasonable time after they were received, and, if they failed to do so, they were liable for the price, and the shoes became theirs.

2. Sales—Sixty Days Unreasonable Time for Holding Goods before Notice of Rejection.—Sixty days was, as a matter of law, an unreasonable time for a retail merchant to retain a consignment of shoes without notifying wholesaler of rejection, even though the shoes were retained with the expectation that wholesaler's salesman would call at the store.

M. J. HENNESSEY for appellants.

C. R. BARKER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

In the fall of 1919 a salesman representing Hellmers & Bettman, a shoe concern, sold to the appellees, Norris & Downard, retail merchants in Brooksville, a bill of shoes amounting to $601.00, to be shipped in February, 1920, and part of the shoes were shipped by appellants and received by appellees in February, 1920, and another consignment in March of the same year, and these were received, accepted and paid for by appellees. Another consignment was shipped on the 28th of April and received on the 1st day of May, and placed in the store of appellees but were not opened. The price of shoes was then fluctuating. Appellees did not notify the salesman or wholesale merchants from whom they bought the goods that the last consignment had arrived and had been rejected or refused but allowed the shoes to remain in the store without notice to appellants from the first day of May until some time in July, when appellees shipped the goods back to appellants. When they arrived at appellants' place of business they returned them to appellees at Brooksville, where they have since remained, as appellees say, subject to the order and for the use and benefit of appellants.

This suit was commenced by Hellmers & Bettman against the retail merchants to recover the balance of the purchase price, $231.00, with interest from June 28, 1921. Appellees answered that the goods were not delivered at the time and place required by the contract and that the prices were not such as were guaranteed appellees by the salesman of appellant at the time of the purchase.

A trial resulted in a verdict for the defendants, Norris & Downard, and Hellmers & Bettman pray an appeal.

It was the duty of the retail merchants upon receiving the last consignment of shoes to have accepted them, or if they intended to reject them, to have notified the wholesale merchants of this fact and returned the shoes or offered to return them within a reasonable time after they were received at the store; and if they failed to do so, the retail merchants were liable for the price of the goods, and the shoes became theirs. The only question, therefore, for decision is, did appellees, Downard & Norris, return the goods within a reasonable time? Ordinarily a shipment of shoes of the size of the one in question is easily handled and may be prepared for shipment and delivery to a common carrier within a few hours at most. Appellees insist, however, that they retained the goods expecting the salesman of appellants to call at the store and to then adjust the matter with him but that no salesman came, and after retaining the goods for more than sixty days they returned the shoes. It is not contended by appellees that they notified the wholesale merchants of their intention to reject the shipment or that they held the last shipment of the shoes subject to orders of the wholesalemen but they now insist they returned them within a reasonable time, and that this was a question for the determination of the jury, and was concluded by the verdict in favor of the retail merchants.

With this insistence we cannot agree. Sixty days is hardly a reasonable time for a retail merchant to notify the wholesale merchant of the former's purpose to refuse the shipment and return the goods. This fact is so manifest that it must be held as a matter of law that the time was unreasonable. This being so it was the duty of the trial court to have peremptorily directed the jury to find and return a verdict for the wholesale merchants. After the verdict appellants entered a motion for judgment notwithstanding the verdict, but this was also

overruled, and this was error. Appellees, Downard & Norris, accepted a shipment in March which was due in February and paid for the goods without complaint. The next shipment soon followed but was rejected. Had the retail merchants at that time notified the wholesale merchants that they would not receive another consignment they would have had the law on their side, but they neglected to do so, and on April 28th the wholesale merchants shipped the remainder of the goods. Notwithstanding this late shipment, as it appears from the evidence of appellees, they intended to retain the goods if they could make satisfactory adjustment with appellants, but they did not notify appellants of this purpose or take any steps to bring to the wholesale house knowledge of their intention to reject the shipment if an adjustment was not had, but allowed the goods to remain in their store for more than sixty days without intimation that they intended to return them. Certainly under such circumstances the wholesale merchants had a right to believe that the goods had been accepted by the consignee. In the meantime the prices of shoes had changed, thus affecting the *status quo* of the parties. If he would rescind, the retail merchant must act promptly and return the goods. If he does not act within a reasonable time he will be presumed to have accepted the shipment and will be liable for the price. For the reasons indicated the appeal is granted and judgment reversed for proceedings consistent herewith.

Judgment reversed.