## Cogan, et al. v. J. T. Wall and J. D. McGowan, etc.

(Decided December 9, 1924.)

### Appeal from Christian Circuit Court.

1. Sales—To Constitute Sale, there Must be Both Delivery and Acceptance.—To constitute sale, there must be both delivery and acceptance of goods.
2. Sales—Keeping Goods Five Months, Because of Negligence of Employe in Examining Them, Held Acceptance.—Keeping shoes by buyers five months, because of negligence of employe in failing to examine them promptly after receipt thereof, amounted to acceptance.
3. Sales—Buyers Who Accepted Shoes Through Delay in Attempting to Return, Estopped to Complain of Deficient Quality Thereof.—

Where buyers of shoes accepted them as matter of law by five months' delay before attempting to return them, they could not thereafter complain that shoes did not come up to sample.

4. Sales—Rights of Sellers Not Affected by Delay on Railroad.—Delivery of goods ordered to be shipped by rail to railroad was delivery to buyers, and rights of sellers were not affected by delay of railroad.

5. Sales—Failure for Five Months to Complain of Delay in Shipping Shoes Held to Prevent Buyers from Refusing to Accept.—Where buyers of shoes kept them five months after receiving them, they could not refuse to accept for delay in shipping.

DOUGLAS BELL for appellants.

BREATHITT & BREATHITT for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

Appellants are shoe manufactures in Massachusetts. Appellees are merchants at Hopkinsville. Appellants brought this suit against appellees to recover $435.00, the price of a lot of shoes which they alleged they furnished and delivered to the defendants. The defendants by their answer denied the allegations of the petition and alleged that they purchased from the plaintiffs the bill of shoes mentioned for the spring trade of 1920; that the goods were to be shipped promptly but were not so shipped and did not reach Hopkinsville until long after the spring trade on such shoes had closed; and that they refused to accept the shoes. They also alleged that the quality of the shoes was inferior and that the shoes were not of the quality which they bought. The case was tried on these issues. There was a verdict and judgment in favor of the defendants. The plaintiffs appeal.

The chief ground for reversal is that the court erred in refusing to peremptorily instruct the jury to find for the plaintiff under the evidence. The undisputed facts shown by the testimony are these:

On November 16, 1919, appellees signed a special order that appellants make and send to them the shoes in question to be shipped by rail "on or about February 15, 1920." Appellants made the shoes, but did not ship them until March 31st. In the ordinary course of business the shoes should have reached Hopkinsville in about two weeks after they were shipped, but by reason of a strike on the railroads they did not reach appellees until June 4th. The shoes were ordered for the spring trade.

They were low shoes and the trade on these shoes was practically over on June 4th. When the shoes were delivered to appellees the boxes were not opened and were sent up to the shoe department and remained there unopened until November 4th. Up to that time appellees had not discovered that the shoes in contest were in these boxes. A considerable correspondence was had between appellants and appellees before June 4th, in which appellees were complaining of not getting the shoes and this correspondence was continued after June 4th. In November when the shoes had been traced over the railroads and shown to have been delivered to appellees on June 4th, appellees then refused to accept the shoes and shipped them back to appellants in Massachusetts. Appellants declined to receive them and the shoes were then sold for its charges by the railroad company in Louisville, Kentucky.

To constitute a sale there must be not only a delivery but an acceptance of the goods. The question here is, did appellees accept the goods when they kept them in their shoe department from June 4th to November 4th? In 23 R. C. L. 1436 the rule as to acceptance is thus stated:

"In case of an executory contract of sale the buyer as a general rule is entitled, before accepting the goods, to a full opportunity of inspecting the same to see if they comply with the requirements of the contract, and for this reason where goods are shipped to the buyer by carrier under an executory contract calling for goods of a certain quality, his reception of the goods is not necessarily an acceptance. On the other hand receipt will become acceptance if the right of rejection is not exercised within a reasonable time, or if anything be done by the buyer which he would have no right to do unless he were the owner of the goods."

In Helmar, etc. v. Norris, etc., 201 Ky. 401, it was held that sixty days as a matter of law is an unreasonable time for a retail merchant to retain a consignment of shoes without notifying the wholesaler of rejection and in that case the court directed a peremptory instruction to be given in favor of the seller for the price of the shoes.

In this case the delay was more than twice as long. The rights of the seller are not affected by the fact that the manager of appellee's shoe department was negligent and that the delay was occasioned by his not examining the boxes when he received them. He was the agent of appellees and appellants can not suffer for his negligence. The failure of appellees to know they had the shoes was due to his negligence and they must bear the loss.

As appellees accepted the shoes, as a matter of law, when they kept them for five months they can not now complain that the shoes did not come up to the sample.

"The rule is that where there is a contract to deliver goods of a particular description or quality at a future date, and the vendor tenders goods not of the agreed description or quality, in discharge of the contract, and the merchant after inspecting them or after having had a fair opportunity to do so, receives them in discharge of the contract, he cannot thereafter maintain an action against the vendor to recover damages for the defects in the description or quality." Likens v. Bowling, etc., 188 Ky. 139.

The delivery of the goods to the carrier was a delivery to appellees. Appellants are not affected by the subsequent delay on the railroad.

"Ordinarily where goods are to be shipped to the buyer, a delivery by the seller to the carrier designated by the buyer is a delivery to the buyer, and constitutes a full performance of the seller's obligation to make delivery. This is on the theory that the carrier is made the agent of the buyer to accept the delivery."

There is some evidence in the record that appellees countermanded the order, but there is no evidence that this was done before March 31st, when the goods were delivered to the carrier.

If there was delay in shipping the shoes beyond the terms of the contract, entitling appellees to refuse to accept them when received on June 4th, they did not then take this course and they could not take it five months after the shoes were received.

On the admitted facts under the pleadings the court should have instructed the jury peremptorily to find for the plaintiff.

Judgment reversed and cause remanded for a new trial.