## Cantrell, et al. v. Dotson.

(Decided October 11, 1927.)

Appeal from Pike Circuit Court.

1. Sales.—Where buyer of merchandise was sued by the seller thereof for payment, and counterclaimed on the ground of damages suffered from the goods being in bad condition and the volume of business of the purchased store not being as large as represented, held, that he had a right to counterclaim, even though his right to rescind the original contract had been lost, and though note given in payment of purchase price had been renewed.

2. Sales.—Buyer of merchandise could not recover damages from the seller thereof for fraud and deceit on the part of the latter in the sale without specifically alleging the seller's knowledge of the falsity of statements made by him.

3. Sales.—In seller's action for price of stock of merchandise and fixtures sold defendants, allegations in defendants' answer that at time of and as part of the transaction seller represented to them that his average monthly sales amounted to a certain sum per month at that time and for several months prior thereto, and that such representations were material and relied on by defendants and induced them to purchase the stock of goods, held sufficient to show a warranty.

4. Sales.—In seller's action for price of merchandise and fixtures sold defendants, where defendants alleged that seller had represented that monthly sales amounted to a certain sum per month at time of and for several months prior to the transaction, allegation that seller's average monthly sales did not amount to such sum, or anything like it, held not to show a breach of warranty.

5. Sales.—Where the buyer of merchandise subsequently discovered that the merchandise was not in good condition, and, on suit by the seller for payment thereof, the buyer counterclaimed on such ground, held, that the buyer purchased at his peril, in the absence of a specific warranty as to the condition of the stock.

6. Sales.—Where the buyer of merchandise, in his counterclaim to seller's action to collect payment therefor, alleged, by way of defense, that the stock purchased was not in good condition, and such fact had been concealed by the seller, such allegation held not sufficient to show fraud on the seller's part, in the absence of specific allegations of the false statements inducing the purchase.

7. Sales.—In seller's action for price of merchandise and fixtures sold defendants, whether statements made by seller should have induced defendants to believe that stock of goods was in good condition and merchantable held question for court.

J. C. CANTRELL for appellants.

W. K. STEELE and PICKLESIMER & STEELE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

On May 8, 1925, appellants bought of appellee his stock of merchandise and fixtures in his store at Damrontown on Pond Creek, in Pike county, for $2,800. They paid $1,000 cash in hand and executed notes for the remainder of the price, due in 3, 6, 9, and 12 months. They also rented the store from him at rental of $30 a month. They took possession of the property and paid the first note for $300; also the second note for $500; and when the third note for $500 became due in February, 1926, they renewed it for 90 days, but failed to pay it at maturity, and also failed to pay the note due 12 months after date. This suit was brought by appellee to recover on the last two notes. He alleged in his petition the facts above stated. The defendants demurred to the petition; their demurrer was overruled. In the absence of their attorney a judgment was entered against them. On the return of their attorney, who was then engaged in a trial in the federal court in another county, they moved the court to set aside the default judgment and tendered an answer and counterclaim. The court overruled the motion "for the sole reason that the answer does not state a defense." The defendant excepted to the order, but did not tender any further answer, so the only question on the appeal is: Did the answer state a defense to the action? For clearly the court did not abuse a sound discretion in overruling the motion unless the defendants had a valid defense to the action.

The defendants in the answer in substance alleged that at the time of, and as a part of, the trade for the stock of goods, the plaintiff represented to them that his "average monthly sales amounted to the sum of $1,500 a month, at that time and for several months just prior to that time; that these representations were made by the plaintiff for the purpose of inducing them to purchase the stock of goods; that the representations

were material to the trade and were a material part of the consideration therefor, and the defendants relied upon them and believed them to be true, and were induced by them to purchase the stock of goods.'' Then follows the following allegation:

"The defendants state that the plaintiff did not have the trade represented by him as aforesaid, and the plaintiff's average monthly sales in said store did not amount to the sum of $1,500, or anything like said amount, and that the defendants did not learn the same until after they had purchased said stock of goods, but relied upon the representations made by the plaintiff aforesaid.''

Damages were prayed by way of counterclaim in the sum of $1,000 for these representations.

Appellee insists that the defendants lost their right by renewing the note which was due in February, 1926. There would be force in this, if the defendants sought a rescission of the contract, as was sought in Cornett v. Kentucky River Coal Co., 175 Ky. 718, 195 S. W. 149. But although the defendants have lost their right to rescind their contract, they may still maintain their counterclaim for damages, if they show a cause of action therefor. 24 R. C. L. p. 239, sec. 515.

To recover for fraud and deceit in the making of a false representation, knowledge of the falsity must be averred. The scienter is the gist of the action. Newman on Pleading, section 325; 12 R. C. L. p. 328. The answer does not allege that the plaintiff knew the representations to be false, and therefore it does not present a sufficient counterclaim for fraud and deceit. But it is alleged in the answer that the representations were made at the time of the sale and were the consideration for the purchase and induced the defendants to make the purchase. The rule is that assertions of facts made by a seller and intended as an inducement to the buyer to purchase, and on which the buyer relied, amount to a warranty. Stanley v. Day, 185 Ky. 362, 215 S. W. 175; McClintock v. Emick, 87 Ky. 160, 7 S. W. 903, 9 Ky. Law Rep. 995; Lamme v. Gregg, 1 Metc. 444, 71 Am. Dec. 489. The defendants were not only buying the stock of goods, but were buying also the good will, for the purpose of their purchase was to run the store, and enjoy the trade which it had acquired. The allegations of the pleading

are therefore sufficient to show a warranty, and the question remains: Does the pleading sufficiently show a breach of the warranty? The only allegation of the breach is in these words:

"The plaintiff's average monthly sales in said store did not amount to the sum of $1,500.00, or anything like said amount."

The allegation of the representation is that the monthly sales "amounted to the sum of $1,500.00 a month at the time of and for several months just prior to the time of making said sale." This may have been true, and yet it may also be true that the "average monthly sales in said store did not amount to the sum of $1,500.00"; for this includes the whole time the store was running. In addition to this these words were added: "Or anything like said amount." What would be anything like the amount is a mere conclusion of the pleader. He may have thought that $1,450.00 was not anything like the amount. The rule is that a breach of contract must be definitely alleged, and the court cannot say here that this was done.

"The breach, in whatever terms alleged, must be as comprehensive as the promise or covenant sued on, and not more so." 1 Newman on Pleading, section 340.

It is also alleged in the answer that the defendants found that a large part of the goods were many years old, out of fashion, eaten by rats, damaged and soiled, and unfit for sale or use; that the plaintiff "by his statements and representations led them to believe that the stock of goods were in good condition and merchantable," when in fact the plaintiff knew of the actual condition thereof and of the fact that a large part of them were unfit for sale, but failed to make the same known to the defendants and wrongfully concealed the facts from them. No rule is better settled than that the buyer of personal property purchases at his peril and there is no warranty implied by law on the part of the seller with respect to the quality of specific articles sold. 24 R. C. L. 452; Scott v. Renick. 1 B. Mon. 63, 35 Am. Dec. 177. The allegation that the plaintiff concealed from the defendants the condition of the goods is not sufficient, unless it is shown that he did something he ought not to have done. While it is alleged that the plaintiff by statements

and representations led the defendants to believe that the stock of goods was in good condition and merchant-able, it is not alleged what statements he made, or that he made any statements on this subject. Whether the statements he made should have induced the defendants to believe that the stock of goods was in good condition and merchantable is a question for the court, and, in order for the court to know that the defendants could have been misled by the statements, the pleadings should set out the statements which the plaintiff made; otherwise, the petition states only a conclusion of the pleader, which may not be warranted by the facts that occurred.

Judgment affirmed.