## Fidelity Mutual Life Insurance Company v. Gardner's Administrator.

(Decided February 11, 1930.)

WM. MARSHALL BULLITT, JOHN E. TARRANT and BRUCE & BULLITT for appellant.

C. B. DOWLING and STOKES A. BAIRD, JR., for appellee.

Opinion of the 'Court by Judge Clay—Affirming.

On June 2, 1926, the Fidelity Mutual Life Insurance Company issued to Darrell D. Gardner a policy insuring his life in the sum of $1,000, payable to his estate, and providing for permanent total disability benefits for which $2.47 of the annual premium of $30.79 was paid. Among the miscellaneous provisions contained in section 4 of the policy is the following:

> "Payment of premiums and Days of Grace.— Every premium is due and payable in advance at the Head Office of the Company in Philadelphia, Pennsylvania, but may be paid to an authorized agent of the Company upon delivery of a receipt signed by the President and Treasurer of the Company and countersigned by said agent. A grace of thirty-one days from the due date named in this policy for the payment of every premium after the first is hereby granted, during which time the insurance shall continue in force, and if the insured shall die within the days of grace, the amount of the over-due premium shall be deducted in any settlement hereunder. When this policy shall become payable by the death of the insured, there shall be deducted any unpaid premium or premiums for the full policy year within which the insured may die. Except as herein provided, the payment of the premium shall not maintain this policy in force beyond the due date of the next premium. Upon default in the payment of any premium or premium obligation, this policy shall immediately cease and determine and become void and all premiums previously paid shall be forfeited to the Company except as provided in Section 3."

The material provisions of section 6, relating to permanent disability benefits, are as follows:

"After the first premium shall have been paid hereunder, and prior to default in payment of any subsequent premium, upon receipt by the Company at its Head Office of due proof that the insured has become totally and presumably permanently disabled after the insurance under this policy became effective and prior to the anniversary of this policy on which insured's age at nearest birthday is sixty-five years the Company will allow permanent total disability benefits upon the terms and conditions hereinafter set forth in this Section.

"Disability shall be deemed to be total whenever the insured becomes wholly disabled by bodily injury or disease, so that he is prevented thereby from performing any work or from following any occupation whatsoever for compensation, gain or profit, and such total disability shall be presumed to be permanent after the insured has been continuously so disabled for three months or more. The entire and irrecoverable loss of the sight of both eyes or the use of both hands or of both feet, or of one hand and one foot, shall be considered a permanent total disability.

"1. Waiver of Premium.—The Company will, during the continuance of such permanent total disability, waive payment of each premium on this policy, as it becomes due, beginning with the first premium due after approval of such proof by the Company. Any premium due prior to such approval must be paid in accordance with the terms of this policy, and when so paid, if it fell due after the commencement of such permanent total disability, *will be refunded* upon approval of such proof.

"2. Disability Income.—In addition to waiving the payment of premiums as aforesaid, the Company will allow to the insured, upon receipt and approval of such proof, a disability income of $10.00 *as of the date of the commencement of such permanent total disability* and a like amount on the corresponding day of each calendar month thereafter during the continuance of such permanent total disability.

"Other Benefits Not Decreased.—The benefits payable under this policy at the death of the insured

or at Maturity as Endowment and the benefits provided in Sections 2 and 3 on second page hereof shall *not be decreased* by reason of the allowance of any permanent total disability benefit, and *dividends will be paid* in the same manner as if no permanent total disability benefit has been received hereunder.''

The premiums due on June 2, 1926, and June 2, 1927, were paid. The premium due on June 2, 1928, was not paid; but during the latter part of June, and within the period of grace, the insured became totally and permanently disabled. The insured was confined to his bed from that time until July 5th, when he was sent to the Louisville City Hospital. Immediately after entering the hospital he was operated on for appendicitis. Peritonitis developed, and he died on July 13th, ten days after the grace period expired. No notice or proof that the insured was disabled was given the company prior to default in payment of the premium, but on July 16, 1928, counsel for Gardner's administrator notified the company's local agency of his death, and requested blanks for proof of death. The company then denied liability. Thereupon this suit was brought in equity to recover on the policy. On final hearing the court rendered judgment in favor of the administrator for the face amount of the policy, together with certain disability income benefits, amounting to $10.06. The company appeals.

Appellant first insists that the policy lapsed for non-payment of premium, as payment of the premium due June 2, 1928, was not waived because (1) Gardner's disability accrued after the premium fell due; and (2) Fidelity Mutual was not notified of the disability during the grace period. In Southern Life Insurance Co. v. Hazard, 148 Ky. 465, 146 S. W. 1107, 1109, we had occasion to consider a similar policy to determine whether furnishing proof of total and permanent disability prior to default in payment of the premium was a condition precedent to the waiver of premium. There the policy was issued September 27, 1909, and the first premium was paid. The next premium was due on September 27, 1910. On June 25, 1910, insured became wholly disabled. The disability continued until death on May 18, 1911. On December 21, 1910, the insured furnished the required proof. The policy provided that premiums would be paid by the company if the insured was wholly disabled

after one full annual payment had been made, and before a default in the payment of any subsequent premium if the insured furnished satisfactory proof that he had been wholly disabled by disease and would be permanently, continuously, and wholly prevented from pursuing any occupation. The court said:

> "In the case at bar Hazard's right to have the company pay his premiums was fixed, under the terms of the policy, at the time he became disabled, on June 25, 1910. He was not required to pay anything to have that right perfected, since by the terms of the policy all he had to do was to furnish proof of his disability. The right, therefore, having been fixed during the life of the policy, and without the payment of any further premiums, it is apparent, under the authority of the Montgomery case, and the other cases heretofore cited, that time was not of the essence of Hazard's right to have the company pay his premiums. The presumption naturally arises that, having become totally disabled physically, he was not in a condition to attend to his business with that promptness which is required of persons in a normal condition. It is such conditions as these that give rise to the doctrine that time is not, in equity, of the essence of the contract. Since Hazard had the right at the time he became disabled, for the mere asking, to have the company pay his premiums until his death, we see no reason why, under the authorities heretofore cited, that he should not have had a reasonable time thereafter in which to present the proofs of his disability as required by the policy. Under the facts of this case we are clearly of opinion that the proofs of disability were furnished within a reasonable time."

In the more recent case of Metropolitan Life Insurance Co. v. Carroll, Adm'r, 209 Ky. 522, 273 S. W. 54, 56, involving a similar policy, the facts were these: McLaren, the insured, paid the first premium due on June 27, 1922. The next premium was due on June 27, 1923. Before the days of grace expired he became totally and permanently disabled, and died on July 30, 1928. Proofs of disability were not furnished during the days of grace, or prior to his death. After his death the insurer denied

liability on the contract. In upholding a recovery on the policy, the court said:

"Before the days of grace expired and on July 15th, the insured was stricken with a mortal disease. He could not present proofs before he was taken sick, and it would be a very unreasonable construction of the contract to say that he lost his rights by not presenting proofs while in this condition and before his death on July 30th. Such a construction of the contract would make it of no value to the insured in such cases, although this clause of the contract would, in many cases, be the inducement for taking the insurance, for this kind of insurance is usually taken by people who work for a living and who would rely on the company carrying the premium in case they become disabled.

"A very strict rule has been followed in favor of the insurer where the annual premium is not paid when due, but this is for the reason that the annual premium is the basis of the contract, and the business cannot be carried on without the payment of the premiums. But the furnishing of proofs of disability is entirely a different matter, and it is a sound rule that time is not of the essence of the contract, and that proofs may be furnished in a reasonable time. It would have been nugatory to furnish the proofs after the insured died and after the insured denied liability on the contract. The denial of liability excused the furnishing of proofs then, and a reasonable time for furnishing the proofs had not then elapsed."

In the case under consideration the insured became totally and permanently disabled during the period of grace, and was unable to care for himself or furnish proof of his disability before that period expired. On the second day after the expiration of the grace period he was operated on, and died eight days thereafter. Three days after his death his administrator offered to prove his prior disability and death. Clearly this was within a reasonable time, and the company's denial of liability dispensed with the necessity of furnishing the proof.

But appellant makes the contention that the policy in question provides for a waiver "beginning with the

first premium due after approval of such proof by the Company," and further declares "any premium due prior to such approval must be paid in accordance with the terms of this policy," and that neither of the policies in the cases referred to above contains a similar provision. The provision relied on must be considered in connection with the words "and prior to default in payment of any subsequent premium." Though technically a premium is due on its due date, it is generally regarded as due and payable at any time within the period of grace, and there is no default in its payment until the expiration of that period. Construing the provision in question most favorably to the insured, we conclude that a premium is the next due premium where the period of grace does not expire until after the commencement of the permanent total disability. Such being the situation here presented, it follows that the policy did not lapse because of the nonpayment of the premium due on June 2, 1928, but that the payment thereof was waived by the company, and that the policy was in force at the time of the death of the insured.

Having held that the payment of the premium of $30.79 due on June 2, 1928, was waived by the company, it likewise follows that the lower court did not err in refusing to credit the company with that sum.

In reply to the contention that certain evidence was improperly admitted, it is sufficient to say that the case was tried in equity, and even if the evidence complained of should have been excluded, the other evidence is sufficient to sustain the chancellor's finding that the insured was totally and permanently disabled before the expiration of the period of grace.

Judgment affirmed.