## A. C. Morris & Company, Incorporated, v. Heaton.

(Decided June 20, 1930.)

CARROLL & CARROLL and JOHN S. CARROLL for appellant.

POLK SOUTH, Jr., for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

A. C. Morris & Co. sued H. L. Heaton upon a promissory note to recover $375 with interest. The Circuit Court rendered a judgment for the defendant, and the plaintiff has entered a motion for an appeal.

The defense to the action was rested upon the ground that the note was given to pay for a De Laval Milking Machine which was represented and guaranteed to milk cows better than could be done by hand, to increase the production of milk, to save time and labor for defendant, and to satisfy defendant in the respects stated. It was alleged that the machine had failed in all particulars covered by the warranties. It was further alleged that the title to the machine was to remain in

plaintiff until the note was paid, or until defendant was satisfied with the operation of the machine; and that defendant was to have a reasonable time to try out the machine and to determine whether he desired to keep it. If the machine did not prove as represented, it was to be returned and the note canceled. It was further alleged that a few days after the machine was installed the defendant became ill and was compelled to go to Florida for his health, where he was detained for about six months. He then returned and tried the machine, found it a failure, and told the plaintiff to take it back. It appeared that the note sued upon was a renewal of a similar note given six months earlier. There was a conflict in the evidence respecting the circumstances of the renewal, and in many other particulars, but the case turns on facts which are not in dispute. It will be noted that no counterclaim to recover damages for breach of warranty was pleaded. Cf. Cantrell v. Dotson, 221 Ky. 494, 299 S. W. 181, and Glover Machine Works v. Cooke-Jellico Coal Co., 173 Ky. 675, 191 S. W. 516. The defendant relied entirely upon a right of rescission based upon an agreement conferring that right if the machine failed to prove satisfactory in certain particulars. Notwithstanding the provision of the note respecting title to the machine, the transaction constituted a sale and the title passed to the purchaser. The effect of the reservation was to create a lien on the property to secure the purchase price evidenced by the note. Montenegro-Riehm Music Co. v. Beuris, 160 Ky. 557, 169 S. W. 986, L. R. A. 1916C, 557; U. S. Cast Iron Pipe Co. v. Henry Vogt Machine Co., 182 Ky. 473, 206 S. W. 806; Fry Bros. v. Theobold, 205 Ky. 146, 265 S. W. 498; General Motors Acceptance Corp. v. Sharp Motor Sales Co., 233 Ky. 290, 25 S. W. (2d) 405.

The defense depends upon the asserted right of defendant to rescind the contract. If machinery, or other personal property, be sold under a guaranty that it will serve some purpose, or, in certain particulars, prove satisfactory to the purchaser, the right of rescission exists for a reasonable time after discovering the facts respecting defective performance, and a rescission is accomplished by a return of the property at the place of delivery. The right must be exercised, however, without unreasonable delay in discovering the defects, or deciding upon that course of conduct. 35 Cyc. 151; Paducah Hosiery Mills v. Proctor & Schwartz, 210 Ky. 806, 276 S.

W. 803, 807; Dick v. James Clark Electric Co., 161 Ky. 622, 171 S. W. 198; Meek Coal Co. v. Geo. D. Whitcomb Co., 164 Ky. 833, 176 S. W. 354; Church v. Wright Machine Co., 190 Ky. 561, 227 S. W. 1003. It is established that the milking machine was delivered to defendant on November 10, 1926. It was then set up and put in service, and a note was given for the purchase price payable in six months. No complaint was made during the period the first note was running, and it was renewed on May 10, 1927, for another six months. Plainly the defendant did not act promptly, or within a reasonable time. He admits that the machine could be tested in a few weeks, and necessarily action should be taken before serious deterioration in the value of the property had resulted. International Harvester Co. v. Brown, 182 Ky. 435, 206 S. W. 622. There is no intimation in the record that six months' time was necessary to test the merits of the machine. Indeed, it appears from defendant's own testimony that he had time after his recovery of health and return from Florida to try out the machine before he renewed the note. No effort in that direction was made by Heaton until a month or more after the note was renewed and its maturity extended for six months from May 10, 1927. The facts may be such that the court must say as a matter of law that action was not taken within a reasonable time (Meek Coal Co. v. Geo. D. Whitcomb Co., supra; International Harvester Co., v. Brown, supra), or the circumstances may be so equivocal as to require a determination of that issue by a jury. Dick v. James Clark Electric Co., supra. Here the delay was clearly beyond the limits of the rule respecting rescission. Vaughn v. Shady Grove Milling Co., 194 Ky. 326, 239 S. W. 37; Paducah Hosiery Mills v. Proctor, etc., 210 Ky. 806, 276 S. W. 803. Defendant endeavors to escape from his dilemma by pleading and proving a serious illness and prolonged absence from the state, covering practically the entire period from November to May, when the initial note was maturing. Undoubtedly illness or inability may excuse defaults in some instances [Continental Casualty Co. v. Mathis, 150 Ky. 477, 150 S. W. 507; Fidelity Mutual Life Ins. Co. v. Gardner's Adm'r, 233 Ky. 88, 25 S. W. (2d) 69], but the rule is one of practical necessity and is circumscribed by the conditions which create it. Hartford Live Stock Ins. Co. v. Henning, 206 Ky. 9, 266 S. W. 912; Home Insurance Co. v. Wood, 139 Ky. 657, 72 S. W. 15, 24 Ky. Law

Rep. 1638, Ann. Cas. 1912B, 373. It must have been necessary for defendant during his illness and absence from home to make some arrangement for the milking of his cows. It was equally incumbent on him, if he was not able to use the machine himself, to have it tested, or to make some arrangement with his creditor to postpone his obligation in respect to diligence in ascertaining his decision as to keeping the machine. Dick v. James Clark Electric Co., 161 Ky. 622, 171 S. W. 198. It was not a case where his illness lessened the duty owed to the seller, or prevented a discharge of that duty by securing a substitute to make the necessary experiments. The creditor's rights would be seriously affected by a delay in returning the machine, and by the denial of an opportunity to rectify any failure of the machine to do the work as intended. Leming v. Howell, 198 Ky. 81, 248 S. W. 253. The parties were dealing with property of a character that would naturally and necessarily depreciate in value with the lapse of time, whether in use or in storage. Cogan v. Wall & McGowan, 206 Ky. 89, 266 S. W. 884. If the defendant desired to make a test of the machine in person, he should have consulted his creditor to that end. He could not let the arrangement stand as made and escape the consequences of his contract by conditions not contemplated by the parties and not incorporated in the agreement. The misfortune that befell the defendant did not relieve him from the obligation he had assumed, or impose upon his creditor any duty of postponing the time within which its rights would mature. Indeed, the only request made of the creditor was for further time in which to pay the note, and that request was granted when the renewal note was accepted. It was then too late for the debtor to seek a rescission of the contract. Cornett v. Ky. River Coal Co., 175 Ky. 718, 195 S. W. 149; Hellmers, etc., v. Norris, etc., 201 Ky. 401, 257 S. W. 4; J. I. Case Threshing Machine Co. v. Patterson, 137 Ky. 180, 125 S. W. 287; Hauss v. Surran, 168 Ky. 686, 182 S. W. 927, L. R. A. 1916D, 997.

In view of the admitted facts and the principles of law pertaining to the remedy of rescission relied upon in this case, it is clear that the plaintiff was entitled to recover upon the note. The circuit court erred in refusing to direct a verdict for plaintiff as requested at the close of the evidence for defendant. The other questions raised on the record and discussed in the briefs, and not necessary now to be decided, will be reserved.

The motion for an appeal is granted, and the judgment reversed for proceedings consistent with this opinion.