## WOLFELD ET AL. v. HANIKA.

[No. 14,190. Filed January 8, 1932. Rehearing denied March 18, 1932. Transfer denied May 12, 1932. Petition for reconsideration of ruling on petition for transfer denied July 29, 1932.]

*Leo Kaminsky,* for appellants.
*Louis Rosenberg,* for appellee.

LOCKYEAR, J.—This action was brought by the appellee against the appellants for damages for fraud in the sale of a fur coat by the appellants to the appellee.

There was a trial before the court without a jury, with a finding and judgment in favor of the appellee for $325, the full purchase price of the coat.

The appellant filed a motion for a new trial on the grounds that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The appellee, Daisy Hanika, testified that in January, 1929, she called at the place of business of appellants and selected a coat, ordered certain alterations, bought and paid for it the next day when it was delivered to her.

She testified that the salesman said the coat was "first grade Alaskan seal." A few weeks after the transaction was thus completed, she returned with the coat to the defendant's place of business and suggested certain alterations by piecing and at that time was informed by one of the defendants, "Mortimer," that they could not

piece the coat as it was made with one skin. She testified that later on in October, 1929, she learned that it was not first grade Alaskan seal; she offered to return the coat, demanded her money back or a good coat, which appellants refused.

A witness, Paul I. Zierc, an expert furrier, testified that the coat is a second grade and that the coat was made from four pieces in front and the cuffs were pieced.

It is alleged in the complaint that the appellee relied upon the fraudulent statements and she testified she believed said statements and relied upon them.

The theory of this complaint appears to be based upon a fraudulent statement that the coat was first grade Alaskan seal and that when she discovered it was not of that grade, she offered to return the coat, and demanded $325, the amount she paid for the coat.

The appellant refused to accept the coat and also refused to pay her back the $325. The trial court believed the testimony of the appellee and her witnesses. We cannot weigh the evidence. The question of fraud is one of fact for the trial court to be determined from the evidence.

In the case of *Thompson* v. *Pack* (1888), 115 Ind. 512, 18 N. E. 16, it was held that where the sale of property is induced by fraud, the contract is not void, but voidable, and the party defrauded may elect to rescind the contract by returning, or offering to return, whatever of value he may have received and reclaim his property. See also *Hibben* v. *Hicks* (1900), 26 Ind. App. 646, 59 N. E. 938; *Hauss* v. *Surran* (1916), 168 Ky. 686, 182 S. W. 927, L. R. A. 1916D 997; *Baldwin* v. *Marsh* (1892), 6 Ind. App. 533, 33 N. E. 973.

Finding no reversible error, the judgment is affirmed.