# Southern Life Insurance Company v. Hazard.

(Decided May 17, 1912.)

## Appeal from Taylor Circuit Court.

1. Insurance, Life—Payment of Premiums—Proof of Disability.— Where a life insurance policy provided that the premiums thereon would be paid by the company if the insured should become wholly disabled after one full annual payment had been made, and before a default in the payment of any subsequent period he should furnish satisfactory proof of his disability, the insured had a reasonable time after the default in the payment of the second premium in which to furnish proof of his disability.

2. Insurance, Life—Disability of Insured—Proof of—Reasonable Time in Which to Furnish.—Where the insured had the right to have the company pay the premiums upon his policy upon furnishing proof of the insured's disability within a reasonable time after default in the payment of the premium, proof of disability furnished within seven weeks after such default was furnished within a reasonable time.

3. Waiver of Proofs of Death.—An absolute denial of liability on the part of an insurer is a waiver of proofs of death or disability.

4. Proof of Disability—Failure to Furnish—When Will. Not Forfeit Policy.—A failure to furnish proof of disability within the period called for by a life policy does not forfeit the policy, since the furnishing of the proof is, at most, a mere condition precedent to the right to sue, and the proof, may be subsequently furnished, before suit brought.

JOHN W. RAY for appellant.

W. M. JACKSON for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

On September 27, 1909, the appellant issued to Martin L. Hazard, an insurance policy upon his life for $1,000, at an anual premium of $43.60, which was then paid. The policy is known as a "Special Twenty Payment Life, Diminishing Premium" policy. It contains the following provision:

"Premiums on this contract will be paid by the company if insured is wholly disabled. After one full annual payment shall have been made, and before a default in the payment of any subsequent premium, if the insured shall furnish satisfactory proof that he has been wholly disabled by bodily injuries or disease, and will be permanently, continuously and wholly prevented

thereby for life, from pursuing any and all gainful occupations, the company by an endorsement in writing upon this contract, will agree to pay for the insured the premiums, if any, which shall thereafter become payable during the continuance of such disability."

It also contains this further provision:

"A grace of thirty-one days, during which this contract shall remain in full force, will be allowed in the payment of all premium except the first."

By a further provision there is an automatic extension of insurance to the extent of the policy's cash surrender value; and the surrender value at the end of the first year in this case was $22.

On June 25, 1910, and before the second annual premium became due on September 27, 1910, Hazard was wholly disabled by bodily disease from pursuing any gainful occupations, and this disability continued until the time of his death on May 18, 1911. Hazard failed to pay the second premium of $43.60, due September 27, 1910, but on December 21, 1910, he furnished the appellant with the required proof showing his total permanent physical disability, and demanded that it carry out the contract by paying for him the premiums upon the policy, and keeping it in full force and effect, as provided by the provision above quoted. The appellant, however, denied any liability under the policy. Upon the death of Hazard, the appellee, who was his wife, and the beneficiary under the policy, demanded payment of the $1,000 called for by the policy, and upon appellant's refusal to pay the same, she instituted this action to recover it. She recovered below, and to reverse that judgment the insurance company prosecutes this appeal.

The payment of the initial premium carried the policy to September 27, 1910, and the thirty-one days of grace carried it to October 28, 1910, which was about seven weeks before the date upon which Hazard furnished the proofs of his disability to the company. The decision is to be determined by the construction given that provision of the policy which requires that satisfactory proof of disability shall be furnished "before default in the payment of any subsequent premium. It is conceded that the notice of disability was not given before the default in the second premium. It is insisted, however, by the appellee, that time is not of the essence of the contract; that the fact that the insured became totally and

permanently disabled on June 25, 1910, which was before default in the payment of any subsequent premium, entitled the insured to have the policy carried for him by the appellant, if notice and demand were made thereon within five years thereafter; that notice to appellant of the insured's physical condition "before default in the payment of any subsequent premium," was not a condition precedent, but a penalty, and the failure to keep same to the very letter, did not defeat his rights under the contract. This argument is based upon the theory that it was not the notice which gave the insured the right to paid-up insurance, but it was his becoming totally and permanently disabled before a default in the payment of the succeeding premium that gave him that right; and that the notice simply fixed or applied a preexisting right.

This court has repeatedly held that the right of the insured to a paid-up policy, or to any existing right under a policy, is not lost or forfeited by a failure to surrender the policy within the time required by the policy, upon the theory that the insured's right having been earned and become fixed by the previous payment of premiums, time has ceased to be of the essence of the contract.

In Montgomery v. Phoenix Life Insurance Co., 14 Bush, 60, we enlarged upon the doctrine somewhat at length, in the following language:

"Time is not generally of the essence of contracts. (Story's Equity, Sec. 776.) It may be so when the contract is executory on both sides, or when the nature of the transactions or the stipulation of the parties shows it was so intended by them. But when the defendant has received the entire consideration for performance on his part and has no other defense except that the plaintiff did not come within the stipulated time to demand performance, we are not acquainted with any authority or legal principle upon which such a defense can be upheld in a court of equity.

"If for any reason the defendant has become unable to perform his agreement, or performance would be more difficult or onerous than it would have been at the time stipulated, there might be plausibility in such a defense and a court of equity would no doubt either deny all relief to the plaintiff or grant relief upon terms that would compensate the defendant for the additional burden resulting from the plaintiff's delay. It is admitted

that the assured paid for a paid-up policy for $4,000.00 and if the old policy had been surrendered at any time between September 5, 1872 and September 5, 1873, the company would have been bound to issue a new policy for that sum, and because the old policy was not surrendered within that time that the assured has lost the benefit of $4,000.00 of paid-up insurance.   *   *   *

"But no case is cited, and we think, none can be found, in which it has been held that when the party suing has performed his part of the agreement before the time appointed for performance by the defendant, that the plaintiff could not recover because he was in fault as to time in making his demand."

And in Mutual Life Insurance Co. v. Jarboe, 102 Ky., 87, we followed the Montgomery case, saying:

"It will be seen from the policy in the case at bar that it was distinctly provided that if the assured paid three annual payments he was then entitled to a paid-up policy in proportion to the premiums paid, provided he surrendered the policy before he made default, or within six months after default in the payment of premiums. It is clear under the contract that the three payments not only continued the policy in force for the time being, but also paid, at the election of the assured, for a paid-up policy in proportion to the premiums paid. The contract has none of the elements of an offer to sell, but it is a clear case in which the assured has bought and paid for a certain thing. It has a stipulation in effect that he shall demand it within six months after his abandonment of the other benefits acquired under the same contract. The only defense presented in this case is the simple fact that the appellees had not, within six months after the failure to pay the premium due, surrendered the original policy and demanded the issuing of the other. It is not pretended that it was any more difficult or expensive for the appellant to issue a paid-up policy when demanded than if it had been demanded at the end of the six months, nor can it be of any pecuniary consequence to defendant whether the forfeited policy was delivered up before the institution of this suit."

See also, Aetna Life Insurance Co. v. Hartley, 67 S. W., 19; 24 Ky. L. R., 57; New York Life Insurance Co. v. N. L. Curry & Bro., 115 Ky., 100; Manhattan Life Insurance Co. v. Patterson, 109 Ky., 624; Washington Life

Insurance Co. v. Miles, 112 Ky., 743; Equitable Life Assurance Society v. Amos, 145 Ky., 167.

In the case at bar Hazard's right to have the company pay his premiums was fixed under the terms of the policy at the time he became disabled, on June 25, 1910. He was not required to pay anything to have that right perfected, since by the terms of the policy all he had to do was to furnish proof of his disability. The right, therefore, having been fixed during the life of the policy, and without the payment of any further premiums, it is apparent, under the authority of the Montgomery case, and the other cases heretofore cited, that time was not of the essence of Hazard's right to have the company pay his premiums. The presumption naturally arises, that having become totally disabled physically, he was not in a condition to attend to his business with that promptness which is required of persons in a normal condition. It is such conditions as these that give rise to the doctrine that time is not, in equity, of the essence of the contract. Since Hazard had the right at the time he became disabled, for the mere asking, to have the company pay his premiums until his death, we see no reason why, under the authorities heretofore cited, that he should not have had a reasonable time thereafter in which to present the proofs of his disability as required by the policy. Under the facts of this case we are clearly of opinion that the proofs of disability were furnished within a reasonable time.

Appellant insists, however, that there is a sharp issue of fact upon the question of Hazard's totally disability; that the petition having alleged that Hazard was totally and permanently disabled, and the answer having specifically denied that allegation, appellee should lose upon that issue for the want of proof. Appellant is mistaken in its reading of the answer, since it does not make an issue upon the question of Hazard's disability. On the contrary, the answer specifically admits that on December 21, 1910, the plaintiff, then the wife of Martin L. Hazard, gave appellant notice of the disability of her husband, and that appellant refused to recognize Hazard's right to have his premium paid by the company, upon the sole ground that the policy had then lapsed for failure to pay the second premium. That was the only defense relied upon to avoid the policy; but, as hereto-

fore pointed out, appellee having furnished the proofs within a reasonable time, her rights under the policy were preserved. Furthermore, it is well settled that an absolute denial of all liability by the insurer is a waiver of proofs of death, or disability. The failure to furnish proof of disability within the period called for by the policy, did not forfeit the policy. At most the furnishing of the proof was a mere condition precedent to the right to sue; and it having been furnished by Hazard in his life time, and before the suit was brought, appellant had all the proof it was entitled to under the policy. Continental Casualty Co. v. Waters, 30 Ky. L. R., 243; 97 S. W., 1103; Orient Insurance Co. v. Clark, 22 Ky. L. R., 1066; 59 S. W., 863; German Insurance Co. v. Ashby, 112 Ky., 303.

We are of opinion the judgment of the circuit court was right, and it is affirmed, with damages.