## Metropolitan Life Insurance Company v. Carroll, Administrator of Alex. W. McLaren.

(Decided June 9, 1925.)

### Appeal from Kenton Circuit Court.

Insurance—Time Held Not Essence in Furnishing Proof of Insured's Total Disability, and Company Liable, where Liability Denied Before Reasonable Time for Furnishing Proof had Elapsed. —Under life insurance policy, providing that premiums will be paid by company if insured is wholly disabled after policy has been in force one year, and before default in payment of any subsequent premium, if company received due proof of insured's disability, and also providing for grace of 31 days for payment of every premium after first, held, that time was not of essence of contract as to furnishing proof of disability, and such proof could be furnished within a reasonable time, and where insured became wholly disabled within period of grace after second premium became due, and died within three weeks thereafter, after which company denied liability, a reasonable time for furnishing proof had not then elapsed, and company was liable under such contract.

S. D. ROUSE and W. A. PRICE for appellant.

C. B. SHIMER for appellee.

Opinion of the Court by Commissioner Hobson—
Affirming.

The Metropolitan Life Insurance Company issued to Alex W. McLaren on June 27, 1922, a policy insuring his life in the sum of five hundred ($500.00) dollars, in consideration of the payment of an annual premium of $32.81. He made the first payment when the policy was issued. The next payment fell due June 27, 1923. The policy contained the following provisions:

"A grace of thirty-one days, without interest charge, shall be granted for the payment of every premium after the first during which period the insurance shall continue in force.

"If, after this policy has been in force one full year, and before default in the payment of any subsequent premium, the company receives due proof that the insured, before attaining the age of sixty years, has become wholly and permanently disabled by bodily injury or disease, so that he is and will be permanently, continuously and wholly prevented thereby from performing any work for compensation or profit, the company will waive payment of each premium as it thereafter becomes due during the insured's said disability. Any premium so waived shall not be deducted from the sum payable hereunder, and the values provided for under the provision 'Options on Surrender or Lapse' shall be the same as if such premium had been paid in cash.

"This provision is granted without additional cost to the insured."

On July 13, 1923, the insured became wholly and permanently disabled by disease so that he was permanently, continuously and wholly prevented from performing any work for compensation or profit. He died in this condition on July 30, 1923; no proof of his condition was furnished the company before his death, and after he died the company denied liability upon the policy. This action was brought to recover upon it and judgment having been rendered in favor of the plaintiff the defendant appeals.

In Southern Life Insurance Co. v. Hazard, 148 Ky. 465, the policy was issued on September 27, 1919, the premium for one year was then paid. The next premium was due on September 27, 1910. On June 25, 1910, Hazard became wholly disabled by bodily disease and

this disability continued until the time of his death on May 18, 1911. On December 21; 1910, he furnished the insurance company with the required proof, showing his total, permanent disability. The policy in that case provided that premiums would be paid by the company if the insured was wholly disabled after one full annual payment had been made and before a default in the payment of any subsequent premium, if the insured furnished satisfactory proof that he had been wholly disabled by disease and would be permanently, continuously and wholly prevented from pursuing any occupation. Holding the company liable on the facts of that case this court, after setting out the rule theretofore laid down by ·it, said:

"In the case at bar Hazard's right to have the company pay his premiums was fixed under the terms of the policy at the time he became disabled, on June 25, 1910. He was not required to pay anything to have that right perfected since by the terms of the policy all he had to do was to furnish proof of his disability. The right, therefore, having been fixed during the life of the policy, and without the payment of any further premiums, it is apparent, under the authority of the Montgomery case and the other cases heretofore cited, that time was not of the essence of Hazard's right to have the company pay his premiums. The presumption naturally arises that, having become totally disabled physically, he was not in a condition to attend to his business with that promptness which is required of persons in a normal condition. It is such conditions as these that give rise to the doctrine that time is not, in equity, of the essence of the contract. Since Hazard had the right at the time he became disabled, for the mere asking, to have the company pay his premiums until his death, we see no reason why, under the authorities heretofore cited, that he should not have had a reasonable time thereafter in which to present the proofs of his disability as required by the policy. Under the facts of this case we are clearly of opinion that the proofs of disability were furnished within a reasonable time." 148 Ky. 469.

In that case, as in this, the insured had thirty days of grace on which to pay his premium after the due date.

In that case, as in this, the policy provided that it should not be in effect if the premium was not paid. In that case seven weeks had elapsed after the expiration of the days of grace before the proofs of disability were furnished. While the wording of the two provisions as to the company paying the premiums in case of total disability is not literally the same, the substance to the average insurer would be the same and the same reason exists for holding in one case as in the other, that time was not of the essence of the requirement as to the insured furnishing proofs of disability. There is the same reason for allowing a reasonable time here as there was there.

McLaren was thirty-eight years old. He had paid the first annual premium; he was not in default as to the second premium until the end of the days of grace, July 28, 1923. While the premium was payable on June 27th, he had the right to pay it at any time before July 28th, and having this right he was not in default until July 28th. When days of grace are allowed upon a note it cannot be protested until the end of the days of grace, and no action can be maintained upon it until then. Certainly an insurance policy should not be construed more strictly against the insured than such a note. Patomac Mfg. Co. v. Evans, 84 Va. 721; Osborn v. Rogers, 49 Hun. 245; Arnot v. Union Salt Co. 186 N. Y. 501.

Before the days of grace expired and on July 15th the insured was stricken with a mortal disease. He could not present proofs before he was taken sick and it would be a very unreasonable construction of the contract to say that he lost his rights by not presenting proofs while in this condition and before his death on July 30th. Such a construction of the contract would make it of no value to the insured in such cases, although this clause of the contract would, in many cases, be the inducement for taking the insurance, for this kind of insurance is usually taken by people who work for a living and who rely on the company carrying the premium in case they become disabled.

A very strict rule has been followed in favor of the insurer where the annual premium is not paid when due, but this is for the reason that the annual premium is the basis of the contract and the business cannot be carried on without the payment of the premiums. But the furnishing of proofs of disability is entirely a different matter and it is a sound rule that time is not of the essence of the contract, and the proofs may be furnished

in a reasonable time. It would have been nugatory to have furnished the proofs after the insured died and after the insurer denied liability on the contract. The denial of liability excused the furnishing of proofs then, and a reasonable time for furnishing the proofs had not then elapsed.

Judgment affirmed.