# Equitable Life Assurance Society of the United States v. McDaniel.

(Decided January 27, 1928.)

## Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

1. Insurance.—In action under group life insurance policy, providing that insurance should cease if employee left employment unless employee became disabled during employment and employer con- tinued to pay premiums, whether employee became disabled during employment, held for jury.

2. Insurance.—In action under group life insurance policy, provid- ing that insurance should cease if employee left employment un- less employee became disabled and employer continued to pay premiums, whether employer paid premiums by mistake after employee left employment or with the intent to continue the in- surance held for jury.

3. Trial.—Where, under terms of group life insurance policy, either employee's discharge or employer's failure to pay premiums on the policy would have terminated the insurance, the disjunctive "or" instead of the conjunctive "and" should have been used in in- struction that, if decedent employee was discharged "and" pay- ments of premium were by mistake, plaintiff was not entitled to recover under the policy.

4. Insurance.—Neither employee nor beneficiary under group life in- surance policy acquired any rights because the insurance company retained premiums paid by the employer after it had discovered that the employer paid them by mistake, since neither employee nor beneficiary had any interest in their reutrn.

5. Trial.—In action under group life insurance policy, instruction to find for plaintiff if premiums were fully paid, as to which there was no dispute, which contradicted preceding instructions and amounted, in effect, to a peremptory instruction to find for plain- tiff, held prejudicially erroneous.

WM. MARSHALL BULLITT, JOHN E. TARRANT and BRUCE & BULLITT for appellant.

W. W. THUM and W. T. McNALLY for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On June 1, 1918, the appellant, Equitable Life As- surance Society of the United States, issued to the Standard Oil Company of Kentucky, a group life insur- ance policy by which it insured the lives of certain em- ployees of the Standard Oil Company. Henry T. Mc-

Daniel was at the time one of the employees of the Standard Oil Company who became insured in the sum of $500 under this policy, and by the terms of the policy his insurance was automatically increased $100 each year until June, 1923, when it became $1,000. The employees paid no part of the premiums on the policy, but each month the Standard Oil Company paid a lump sum premium to appellant approximately sufficient to cover the average number of employees insured, and from time to time an adjustment was made between the appellant and the Standard Oil Company by ascertaining the exact number of employees and determining the sum which should have been paid, and a refund or additional payment was then made on the basis agreed upon. The group policy contained this provision:

"The insurance upon the life of any employee covered by this contract shall continue only so long as such person remains in the employment of the employer. All liability and obligation of the society with respect to any such employee shall cease and terminate immediately upon termination of such person's employment with the employer without regard to the cause of such termination. . . . Upon termination of employment, as shown by the employer's records, the insurance upon the life of any employee terminates automatically unless continued under the individual conversion option."

The group policy also contained this further provision:

"If an employee should become disabled from any cause during employment so as to be unable to perform any work or occupation for gain or profit the employer may continue payment of premiums of insurance on the life of such employee while so disabled, in which event, the insurance shall continue in force during the period for which premiums are paid."

The policy also provided that only such employees were insured as were enumerated in the record shown as "insurance register" of the Standard Oil Company kept by the appellant.

Under McDaniel's policy the appellee, Katherine McDaniel, his widow, was the beneficiary. McDaniel died on September 29, 1924. The appellant refused to

pay the policy because (1) McDaniel's name was not recorded in the insurance register at the time of his death; and (2) the insurance terminated on October 1, 1923, when McDaniel's employment with the Standard Oil Company ceased.

On the trial the case was submitted to the jury, which returned a verdict against the appellant and from the judgment entered thereon it has appealed.

The evidence for the appellee, who was the plaintiff below, tended to show that McDaniel, at the time his employment terminated on October 1, 1923, and at all times thereafter until his death on September 29, 1924, was so disabled as to be unable to perform any work, and that the Standard Oil Company continued to pay the premiums on his policy until September, 1924, and that a sufficient amount had been paid to carry his policy to the time of his death.

The evidence for the defendant, now the appellant, was to the effect that on October 1, 1923, the Standard Oil Company closed the Riverside refinery on account of business conditions and discharged a number of employees, including McDaniel, who was employed there, and that McDaniel was not discharged because of any physical disability; that through oversight the Riverside refinery failed to report the discharge of McDaniel to the main office of the Standard Oil Company until September, 1924, eleven months after his discharge. On September 24, 1924, the Standard Oil Company notified the appellant that McDaniel's employment had terminated on September 1, 1924, and on September 27, 1924, appellant struck McDaniel's name from the insurance register. As heretofore stated, McDaniel died on September 29, 1924. In January, 1926, an adjustment was made between the Standard Oil Company and appellant, and the amount of the premiums on McDaniel's policy paid subsequent to October 1, 1923, returned to the Standard Oil Company.

The appellant insists that its motion for a peremptory instruction should have been sustained.

Several members of McDaniel's family testified that when he returned from work on October 1, 1923, he was sick and was never thereafter able to work, and that on a number of occasions prior to that date he had been compelled to lay off for two or three weeks at a time because of illness. This evidence, coupled with the fact that the Standard Oil Company continued to pay the

premium on McDaniel's policy after he ceased working for it, and that the premium thereon was paid up at the time of his death, was sufficient to authorize a submission to the jury of the questions whether McDaniel at the time his employment ceased had become disabled so as to be unable to perform any work, and whether the Standard Oil Company, in continuing to pay the premiums, did so with the intention of keeping McDaniel's insurance in force, or whether it was paid purely through mistake. There was some evidence tending to show both disability occurring during employment and the employer's intent to continue the insurance.

In instruction No. 1, the court, in substance, told the jury that, if they believed from the evidence that McDaniel on October 1, 1923, had become disabled so as to be unable to perform any work for gain or profit, and that his employer continued the policy under which McDaniel was insured by paying the premiums thereon as they became due, intending to keep the policy in full force and effect, then they should find for the plaintiff.

Appellant complains that this instruction should have limited the time when McDaniel became disabled to that part of October 1, 1923, before McDaniel's employment terminated. While we are not prepared to say that failure to so limit the time specified in the instruction would be prejudicial error, yet, as the judgment must be reversed for errors in other instructions, on another trial, the court will insert after the name of McDaniel in the first part of instruction No. 1, the following: "At the time his employment with the Standard Oil Company of Kentucky terminated." Appellant's contention that there was no evidence upon which to base such an instruction has been heretofore discussed.

The remaining instructions complained of are as follows:

Instruction No. 2:

"If, however, the jury believe from the evidence that the decedent, Henry T. McDaniel, was discharged from the service of the Standard Oil Company of Kentucky on October 1, 1923, and payments of premiums thereafter made on the policy were made by the mistake of the officials or agents of the said Standard Oil Company of Kentucky having the matter in charge, and without any intention on the part of said Standard Oil Company of

Kentucky to keep the insurance policy on the life of the decedent in full force and effect because of the disability (if any such there was), mentioned in instruction No. 1, then the law of this case is for the defendant, and the jury should so find unless they believe as in instruction No. 3.''

Instruction No. 3:

''Although the jury may believe from the evidence that the premiums paid by the Standard Oil Company of Kentucky on the policy insuring the life of Henry T. McDaniel, mentioned in the foregoing instructions herein, were paid by mistake by the said Standard Oil Company of Kentucky's officials having the matter in charge, on account of disability as set forth in instruction No. 1, yet, if the jury further believe from the evidence that, after said mistake was discovered by the defendant, it retained the premiums thereafter paid on the policy on the life of said Henry T. McDaniel, and until January, 1926, then the law of this case is for the plaintiff.''

Instruction No. 4:

''If the jury believe from the evidence that, at the time of said McDaniel's death, to wit, on September 29, 1924, the premiums on the policy on his life were fully paid up, then the law of the case is for the plaintiff, and the jury should so find.''

The disjunctive ''or'' instead of the conjunctive ''and'' should have been used after the figures ''1923'' in instruction No. 2, since the insurance terminated whether McDaniel was discharged or the premiums were paid through mistake. By the express provisions of the policy, the Standard Oil Company could not by the payment of premiums continue the insurance in force after the employment terminated unless the employee had become disabled during employment. Either the discharge of the employee or failure of the employer to pay the premiums on the policy, although the employee became disabled during employment, terminated the insurance.

Instructions 3 and 4 are prejudicially erroneous and should not have been given. The decedent, McDaniel, paid no part of the premiums, and neither he nor the beneficiary named in the policy had any interest in their

return, nor were they affected by the retention of the premiums by appellant until an adjustment was had between the insurer and the employer, the only parties interested in the premiums. The case of Citizens' National Life Insurance Co. v. Egner, 167 Ky. 476, 180 S. W. 778, relied on by appellee, therefore, has no application and on another trial instruction No. 3 will be omitted. Instruction No. 4 will likewise be omitted on another trial, since it not only contradicts the first two instructions, but, in effect, is a peremptory instruction to find for the plaintff.

For the reasons indicated, the judgment is reversed, with directions to grant appellant a new trial and for further proceedings consistent herewith.