# Western & Southern Life Insurance Company v. Robertson.

(Decided June 12, 1934.)

WILLIAM MARSHALL BULLITT, BRUCE & BULLITT, and JOHN E. TARRANT for appellant.

WOODWARD, HAMILTON & HOBSON for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

As beneficiary in an insurance policy issued to her husband, Dillard Robertson, by the Western & Southern Life Insurance Company, Mavis Robertson has recovered judgment for $1,000 and the company is appealing.

The policy in controversy was issued on March 3, 1927. At the time it was issued the insured paid the first semiannual premium amounting to $13.68. A semi-annual premium for a like amount due September 3, 1927, was never paid. Some time about the first of May, after the policy was issued, insured, who was employed by the Louisville Railway Company, had a severe hemorrhage of the lungs. He either at the time had, or subsequently developed, tuberculosis from which he died on the 18th day of the following January. There is a conflict in evidence as to the extent to which insured was disabled because of his ailment after suffering his first hemorrhage. The evidence of some lay witnesses who were friends and acquaintances of insured indicates that he was unable to and in fact performed very little work after that date. The evidence of physicians who subsequently examined and treated insured gave as their opinion from his condition at the time and from a history of the case that he was, from the date he had the hemorrhage in May, wholly incapacitated from performing labor, or at least that he could not perform labor with any degree of safety to his health and life.

On the other hand, the evidence for the insurance company strongly tends to establish that from May 7 to August 11, inclusive, after the policy was issued, Robertson worked practically every day except one week during which he was sick. Due to the fact that he was on the extra list and did not have a regular run, his hours of service were irregular, but on the whole, he averaged eight hours or more per day as shown by the records of the company.

The contract of insurance issued to Robertson was a $1,000 life policy to which was attached a supplementary contract which provided for certain benefits in the event of total disability resulting from disease sustained or contracted after the date of the policy. The pertinent portion of the supplementary contract reads:

"If, while the policy to which this supplementary contract is attached is in full force and effect, the insured shall, subsequent to the date hereof, viz. * * * March 3, 1927, * * * and prior to attaining the age of sixty [60] years [nearest birthday], become wholly disabled as a result of bodily injury or disease which originates or is sustained or con-

tracted after the date hereof, and be so disabled continuously for not less than ninety [90] days prior to the receipt by the Company of proofs thereof as hereinafter defined and required; and if, solely by reason of such bodily injury or disease, the insured is prevented from performing any work or following any occupation or engaging in any business for wages, remuneration or profit the Company will, upon receipt at the Home Office of due and satisfactory proofs of such disability made in the lifetime of the insured on forms prescribed by the Company grant the following benefits:

"First; Waiver of Premiums—Subject to the aforesaid and hereinafter mentioned conditions, and commencing with the anniversary of said policy next succeeding the receipt of such due and satisfactory proofs, the Company will waive the payment of premiums on said policy and on this supplementary contract during the continuance of such disability.

"Second: Payment of Monthly Income—Subject to the aforesaid and hereinafter mentioned conditions, the Company, upon receipt of such due and satisfactory proofs, provided they are received at the Home Office during the lifetime of the insured, will pay to the insured [or, in the event disability results from insanity, to the beneficiary designated in said policy] during the continuance of such disability or until the prior maturity or termination of said policy, a monthly sum equal to one per cent. [1%] of the face amount of said policy, such monthly payments, however, under this and any and all other supplementary contracts with this Company, in no event to exceed in the aggregate Two Hundred [$200.00] Dollars, per month, irrespective of the amount of insurance in this Company on the life of the insured. Such monthly payments shall begin as of the date of the commencement of such disability, provided, however, that in no case shall such payments begin as of a date more than ninety [90] days prior to the date of the receipt at the Home Office of the proofs above referred to. Interest on any indebtedness under said policy will at all times be deducted from any amount payable as aforesaid. There will be no reduction, however, of the amount payable under said

policy at maturity, by reason of any payments made or premiums waived under and by virtue of this supplementary contract, except as hereinafter provided in case of disability after age sixty."

As to payment of the premium, the policy granted a grace of one month for the payment of every premium after the first year, and that the policy would continue in force only for the period actually paid.

In the supplementary contract relating to disability it is provided:

"* * * failure to pay any premium hereunder or under said policy shall terminate all rights hereunder."

At the close of plaintiff's evidence as well as at the close of all the evidence, appellant entered a motion for a directed verdict in its favor, which motions were overruled, but sustained a motion for a peremptory instruction directing the jury to find for appellee in the sum of $1,000 with interest from January 18, 1928.

According to proof for appellant, it had no notice or proof of disability on the death of insured until September 11, 1931. Appellee testified that she notified the company by letter of her husband's death some time in the spring months after his death and received an answer which had been lost or destroyed and which to the best of her memory read in effect, "We do not feel that we owe you anything since the premium has been passed over." On cross-examination she testified that she thought this letter to the insurance company was written in May. It is admitted that the semiannual premium due September 3, 1927, was not paid; however, it is insisted by appellee that Robertson became wholly disabled and was entitled to the monthly benefit under the policy continuously from and after July 1, 1927, and therefore that sufficient disability benefits had accumulated on September 3, 1927, to more than satisfy the premium.

Appellant insists: (1) That the disability did not begin until August 11; and (2) in substance, that if the disability did begin at the time claimed by appellee, it was not liable and no disability benefits were due because of failure to furnish proof as required under the provisions of the disability contract.

Appellee contends that it is the total disability of insured, and not the notice or proof thereof to the company, which determines the beneficiary's right under the policy, and they rely on the case of Southern Life Insurance Co. v. Hazard, 148 Ky. 465, 146 S. W. 1107, 1108, as sustaining their theory. In that case the policy provided:

"If the insured shall furnish satisfactory proof that he has been wholly disabled by bodily injuries or disease, and will be permanently, continuously and wholly prevented thereby for life, from pursuing any and all gainful occupations, the company by an indorsement in writing upon this contract, will agree to pay for the insured the premiums."

The insured became wholly disabled on June 25, 1910, and failed to pay the premium due September 27, thereafter. Upon the death of insured the company refused to pay, and when sued, defended on the ground that the giving of notice was a condition precedent to waiver by the company of payment of premium. It was held in effect that the failure to furnish proof of disability within the time provided in the policy did not forfeit the policy because the furnishing of proof is a mere condition precedent to the right to sue and that proof might be subsequently made before suit was instituted. The cases of Metropolitan Life Insurance Co. v. Carroll, 209 Ky. 522, 273 S. W. 54, and Fidelity Mutual v. Gardner, 233 Ky. 88, 25 S. W. (2d) 69, are also relied on. These cases indicate that proof made in reasonable time is sufficient to meet the requirements of the policy; but without going into detail, it may be said that the case presents an entirely different situation.

Even by appellee's own evidence it is established that no notice of proof of her husband's death or disabilty was given to the company for more than 90 days after his death, and under the express, specific provisions of the supplementary contract no disability payments would begin as of date more than 90 days prior to receipt of proof of such disability. Giving effect to this provision, it is at once apparent that no disability benefit accrued prior to September 3, 1927, when the second semiannual premium was due; and this would be true if the grace period applied to the semiannual premium due September 3, 1927, but under the terms of the policy, it does not. There is nothing in the pro-

vision respecting the time when disability payments shall begin that renders it unreasonable, oppressive, or otherwise inherently vicious. It is couched in plain, unambiguous language, and its meaning and purpose are manifest. It does not require undue diligence upon the part of the insured in the event he becomes disabled, since it affords ample time for making proof so that benefits may be received from the incipiency of the disability. On the other hand, it protects the insurer against stale claims and the difficulty of obtaining first-hand information concerning the merits of a claim because of long lapse of time.

Our conclusion is that this provision is valid and should be upheld unless waived or the acts and conduct of the company have been such as to work an estoppel against relying upon it, and no such acts or conduct have been shown here. Following the long-established rule of construing the provisions of a policy in favor of the insured and giving the most favorable effect to the evidence for appellee, it will be seen that under the terms of the contract the company was not liable for any benefits prior to September 3, 1927, and therefore the policy lapsed as of that date. It follows that the court erred in overruling appellant's motion for a directed verdict.

For the reasons indicated, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.