## Sovereign Camp, W. O. W., v. Bowers.

(Decided June 21, 1935.)

W. F. GRIGSBY for appellant.

JOS. POLIN and JOHN A. POLIN for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant and defendant below, Sovereign Camp Woodmen of the World, is a fraternal society. Among its authorized activities is the right to issue policies or certificates to its members in consideration of stipulated dues whereby it obligates itself to pay specified benefits to the member or to his named beneficiary if any, in case of his death, and if not, to his estate. On June 27, 1914, it issued its beneficiary certificate No. 44677 to the appellee and plaintiff below, Paul D. Bowers, who was then a member of its local camp in Franklin, Ky., known as Magnolia Camp No. 66. It was kept in force until April 6, 1920, when, under some regulation of the order and by agreement of the parties, it was surrendered to defendant who issued on that day in lieu of the first one another later certificate known as "Universal Whole Life Certificate." Each of them was in the principal sum of $1,-000, and, besides agreeing to pay that amount upon the member's death to whomsoever was entitled to it, the last one obligated defendant to pay plaintiff one-half thereof if he, while in good standing and while the certificate was in force and effect, became totally disabled by accident, or disease, upon satisfactory proof thereof and surrender of the certificate.

Another provision of the certificate was to the effect that if any monthly dues should fail to be paid in accordance with the stipulations in the certificate, it would be suspended until payment was made, and when done, the certificate would become automatically reinstated, but upon condition that such reinstating payments would themselves operate as a warranty that the member was in good health at the time they were made and that the acceptance of them by defendant should not constitute a waiver on its part as to the good health provisions when the receiver of it or them was ignorant of the health conditions of the member.

On March 13, 1933, plaintiff became, as he averred in his petition, permanently disabled because of disease of the pernicious anemia type, and from that time on, according to the uncontradicted proof, he was totally unable to engage in remunerative activities and gradually grew worse. He applied to defendant for a settlement of his certificate under the provisions referred to entitling him to collect one-half of its principal amount, and requested it to furnish him with the proper

blanks to make proof thereof. In reply to that request it informed him that he had defaulted in the payment of his monthly dues for May, 1933, and for two other months thereafter in the same year, although after such alleged defalcations plaintiff sent a check to the clerk of the local camp of which he was a member (he at that time residing in Springfield, Ky.) and which was cashed. The investigation made by defendant after plaintiff's request for proof blanks informed it of plaintiff's condition during the months for which plaintiff had defaulted in his payments, but which, as stated, he later made under the reinstatement provisions, supra. Defendant claimed and so informed plaintiff that at the time of accepting his check for such defalcations no agent or officer of it, having any connection therewith, knew of his ailment producing his disability, and that under the stipulations above referred to it exercised its authority contained in the contract to return such payments to him, which it did, but which plaintiff did not collect or appropriate.

He then filed this action against defendant in the Washington circuit court to recover $500, being half of the amount of his certificate, and alleged the foregoing facts in support of his right to do so. The first paragraph of the answer, filed after defendant's demurrer to the petition was overruled, was a denial of the material averments of the petition, and in another paragraph it relied on the provisions of the policy, supra, and claimed that because of the defalcations in monthly payments for the month of May, 1933, and the other two months following it, the certificate became forfeited and for which reason plaintiff was not entitled to recover. Following pleadings made the issues and the jury that tried the case returned a verdict for plaintiff for the full amount he claimed upon which judgment was rendered, and defendant's motion for a new trial having been overruled it prosecutes this appeal.

The only error urged in this court by its counsel in his brief is the failure of the court to give to the jury instruction A offered by him, and which was and is in these words: "Although you may believe from the evidence that plaintiff on March 13, 1933 became totally and permanently disabled as set out in Instruction No. 1, yet if you shall further believe from the evidence that plaintiff failed to pay his monthly installment for the

month of May 1933 on or before the last day of May and that plaintiff became suspended on June 1, 1933, and further believe from the evidence that when plaintiff paid the monthly installment of· May and June 1933 that plaintiff was in ill health and that the defendant, Sovereign Camp of the Woodmen of the World had no knowledge that plaintiff was in ill health then the law is for the defendant and the jury should so find.'' It will be perceived the rejected instruction embodied the affirmative defense pleaded in the answer to which we have referred, and which presents the only question to be determined, which is: Whether that affirmative matter constitutes a defense, under the facts of this case, even though it should be conceded to be an effectual one if plaintiff's disability occurred after such alleged default and forfeiture, but which latter under our views of the case is not necessary to be determined.

It will be remembered that plaintiff's allegation, supported by abundant uncontradicted proof, was that his disability for which the recovery was sought developed and his right on account thereof accrued on March 13, 1933, and which was at a. time when the certificate was in full force and effect and when all payments and dues thereunder had been made. Plaintiff's right to recover therefor under his certificate became as much vested at that time as would have been the right of his estate or his beneficiary to recover had plaintiff died; and, surely it could not be contended in an action to recover for a death claim that because defaults were made in subsequent payments such matured right became forfeited. Such conclusion not only inevitably follows from the very nature of contractual rights, but it has been so determined by us and other courts in innumerable cases, with none so far as we have been able to find to the contrary. Because of the universally recognized principle, we deem it unnecessary to encumber the opinion with more than two very recent cases from this court, which are Horn's Adm'r v. Prudential Insurance Co. of America, 252 Ky. 137, 65 S. W. (2d) 1017, and Equitable Life Assurance Society v. McDaniel, 223 Ky. 505, 3 S. W. (2d) 1093. Others are cited in those opinions.

It will be noted that defendant absolutely denied all liability because of the facts hereinbefore set forth, but all of which occurred after plaintiff's right to re-

cover the amount he sued for (being half of the principal sum of his certificate) accrued, and by reason thereof plaintiff was excused from making formal application for the payment to him of the benefit he claimed although it appears he did later do so.

Such being the state of the law, the court properly declined to give to the jury the tendered instruction A offered by defendant, and since that is the only error complained of, the judgment will have to be and it is affirmed.