## Northwestern Mut. Life Ins. Co. v. Carneal.
(Decided Dec. 20, 1935.)

**(As Modified on Denial of Rehearing March 3, 1936.)**

BRUCE & BULLITT, WILLIAM MARSHALL BULLITT, ROBERT LEE BLACKWELL and WHITE & CLARK for appellant.

W. E. ROGERS, Jr., and H. W. LINTON for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Affirming.

On August 5, 1922, the appellant, the Northwestern Mutual Life Insurance Company, issued to Leslie C. Carneal a life insurance policy for $1,000. The quarterly premium was $10.97. For an additional quarterly premium of 22 cents, there was attached, as. a supplemental contract, a rider providing:

> "If, during the continuance of this agreement, the company shall be furnished with satisfactory proof that prior to his sixtieth birthday anniversary, the insured has become disabled in body or mind to such an extent as to make it continuously impossible for him to engage in any gainful occupation, and that such impairment is presumably permanent, the company, on receipt of such proof, will, by suitable endorsement of this agreement, waive the payment of the premiums falling due under the policy. * * *"

The premium due May 5, 1932, was not paid. Four days after expiration of the grace period, the wife of the insured sent a check to the general agent of the company for $11.19 for the premiums. The company wrote Carneal acknowledging its receipt, but stated that it would be necessary that he sign a health statement which was enclosed before the premiums would be reported as paid. On July 7, it again wrote Carneal, calling his attention to the situation, and, having received no response, the check was returned on July

18. Carneal had borrowed the limit on his policy, and there was available only $1.58 for extended insurance upon the failure to pay the May 5 premiums. This carried the contracts to June 9, 1932. In August, the policy, with the rider, was returned to Carneal as canceled. He died November 26, 1932. On December 20, 1932, almost seven months after the apparent termination of the contract, the company was furnished with proof and notice that on May 5, when the premiums were due, the insured was totally and permanently disabled, and therefore was entitled to the benefit of the waiver of payment, with the resulting continuance in effect of the life insurance. The company declined to accept this, and refused payment. Thereupon, suit was brought to recover. The case was submitted to the court upon the law and the facts, and it adjudged the recovery. The appeal follows.

It was pleaded in defense that the furnishing of proof of disability before the premiums became due or before the policy lapsed was a condition precedent to the waiver of payment, and accordingly that proof was offered too late. We have recently considered this point and held that such is the proper interpretation of similar clauses. New York Life Ins. Co. v. Gunn, 253 Ky. 596, 69 S. W. (2d) 1018; Western & Southern Life Ins. Co. v. Robertson, 255 Ky. 13, 72 S. W. (2d) 718; Pacific Mutual Life Ins. Co. v. Paynter, 255 Ky. 669, 75 S. W. (2d) 335; Mutual Life Ins. Co. v. Smith, 257 Ky. 709, 79 S. W. (2d) 28.

But those cases are not applicable because the conditions of the contract and the facts are different.

The petition alleged that when the premiums fell due the insured was disabled in mind and body to such an extent that he was totally and permanently disabled, as defined in the policy covering disability and waiver of premium, and remained so until his death; that by reason of such mental incapacity he was unable to understand his rights or his obligations with reference to the contract, and was at all times prior to his death unable to furnish proof of his disability. There was substantial evidence tending to establish the fact that, beginning in the latter part of 1931, and particularly on May 5, 1932, until his death, the insured was "disabled in body or mind to such an extent as to make it continuously impossible for him to engage in any

gainful occupation," which was the condition of waiver of premiums. The trial court did not disclose in the record the grounds upon which he decided the case. We therefore accept his decision upon the assumption that he found every fact which the evidence conduced to prove and which went to support the judgment in favor of the plaintiff. Coleman's Ex'r v. Meade, 76 Ky. (13 Bush) 358; Preferred Risk Fire Ins. Co. v. Neet, 262 Ky. 257, 90 S. W. (2d) 39. It is often declared that the decision of a judge on the law and facts is regarded as would be the verdict of a properly instructed jury. It does not seem necessary, therefore, to state the evidence.

The question is whether the fact of mental incapacity to such an extent that the insured was unable to give notice to the insurer in advance of default in payment, and thus procure the waiver called for by the policy, excuses him. The Supreme Court recently considered the identical question in Mutual Life Ins. Co. v. Johnson, Adm'r, 293 U. S. 335, 55 S. Ct. 154, 79 L. Ed. 398. The conflict among the state courts is shown Without indicating its own preference, the court decided the case in favor of the insured under the Virginia contract.

In Southern Life Ins. Co. v. Hazard, 148 Ky. 465, 146 S. W. 1107, and Metropolitan Life Ins. Co. v. Carroll. 209 Ky. 522, 273 S. W. 54, the policies contained stipulations for waiver of premium effectually the same as that in the case at bar. Upon the presumption that, having become totally disabled, the insured was not in condition to attend to his business with that promptness which is required of persons in normal condition, it was declared in each case that the condition called for the application of the doctrine that time was not of the essence of the requirement as to furnishing proof of disability. Recovery was adjudged, notwithstanding the proof was furnished in the first case after death and in the second during life but shortly before death, yet in each case following the apparent lapse of the policy for failure to pay the premium.

The case of Fidelity Mutual Life Ins. Co. v. Gardner's Adm'r, 233 Ky. 88, 25 S. W. (2d) 69, is to the same effect.

There was specific evidence in the case at bar that

the insured was not in a mental condition enabling him to attend to his business at the crucial time, and continued that way. A requirement that is merely modal or procedural must be given a liberal construction, and the insurer will not be deemed in such matters to have intended to exact the impossible. As stated in Swann v. Atlantic Life Ins. Co., 156 Va. 852, 159 S. E. 192, 195, quoted in Mutual Life Ins. Co. v. Johnson, supra:

> "He had paid for this right, and to say that he should lose the benefit of his policy because he failed through mental and physical incapacity to present proofs would be harsh and unreasonable under the circumstances."

While the contract providing for waiver of premium because of disability was ancillary to the main policy, it was issued for an additional consideration, and was severable in that it could and would have been lapsed by nonpayment of the additional 22-cent quarterly premium without affecting the life insurance. It was for all intents and purposes, so far as the point at issue is concerned, an independent policy for indemnity equal in amount to the premiums on the life policy in case of disability. This was something separately and specifically paid for by the insured, and his right thereto became fixed when that disability arose. He was not then required to pay anything more on either policy. Although he had agreed as a condition precedent that he would furnish proofs of that disability, yet if he was not in condition to do so by reason of that very fact of disability, he was excused from so doing as long as his faculties were so impaired. Maryland Casualty Co. v. Burns, 149 Ky. 550, 149 S. W. 867; Continental Casualty Co. v. Mathis, 150 Ky. 477, 150 S. W. 507; Federal Life Ins. Co. v. Holmes' Committee, 232 Ky. 834, 24 S. W. (2d) 906.

The matter of being excused from filing proofs was not involved in the four cases first above cited and in some others of like tenor. We may also direct attention to the distinction from those cases where it merely appeared that failure to pay a premium on a life policy was because of insanity or physical incapacity. In such instances, default will not be excused. See annotation, 15 A. L. R. 318. We are concerned here with cases excusing proof of disability in

order to obtain the purchased indemnity accruing by reason of that very disability; the indemnity in the instant case being the payment or waiver of premiums on the life policy.

In bringing together the cases in the annotation to Pfeiffer v. Missouri State Life Ins. Co., 174 Ark. 783, 297 S. W. 847, 54 A. L. R. 600, the editor says:

> "The overwhelming weight of authority is to the effect that the insured, in policies requiring notice of the accident or disability within a stipulated time after the occurrence thereof, is excused for his failure to give such notice within the stipulated period if he is prevented from so doing by reason of mental incapacity resulting from the accident or disability, provided such notice is given a reasonable time after recovering his mental faculties."

There can be no escape from the conclusion that where the disability insured against occurred before default in premium on the life insurance, and that very disability prevented the giving of notice, the waiver became fixed at the time of such misfortune, and the obligation to furnish proof was no part of the condition precedent. It became a condition subsequent. In the recent case of Mid-Continent Life Ins. Co. v. Harrison (Okl. Sup.) 53 P. (2d) 266, 267, there was involved a combined death and disability policy. It provided:

> "If the insured shall furnish due proof that he has, within the premium paying period, * * * and before a default in the payment of premium, become wholly disabled by bodily injuries or disease * * * the company will pay to him"

certain sums and, continuing after his death, pay the beneficiary those sums until twenty such payments had been made. About two and a half months before lapsing date due to nonpayment of premium, the insured had become totally and permanently disabled, but no notice was furnished. He died a few months afterward, and some time later the beneficiary furnished proof of disability and death. That is what was done here. Reviewing the cases of this character, the court pointed out that the difference in the judicial conclusions generally was due to the difference between con-

ditions precedent and conditions subsequent in the policies. While the opinion makes some distinction between cases where the provision was a waiver of premium upon proof of notice of disability before its due date, the decision was based upon the construction of the contract as being one of disability insurance as well as death insurance, upon the happening of either of which liability attached. Said the court:

"It is clear to us that the requirement that the disability should take place, or begin, during life of the policy, is placed there for the same reason that the requirement of death ensuing during life of the policy was placed there, and for no other reason, and that in this particular policy there would be no more substantial reason for requiring notification before the succeeding premium date than there would be for requiring notification of death before the succeeding premium date. The happening of total permanent disability put an end to premiums, not because the policy said so—for it did not—but because liability thereby attached, the policy matured, the death benefit thereby dissolving, and in its stead the disability installments starting, 'in full settlement of this policy.' The fact that proof was required before actual payment by the company has nothing to do with the fact that said proof was not required before the next premium date. Upon the happening of the thing insured against, there would be no more premiums to be paid, and therefore no 'next premium date,' and the principle is the same, whether he thereafter lived or died."

See, also, Horn's Adm'r v. Prudential Ins. Co., 252 Ky. 137, 65 S. W. (2d) 1017; Sovereign Camp, W. O. W., v. Bowers, 260 Ky. 347, 85 S. W. (2d) 665; section 301, Restatement of Law of Contracts; section 1538k, Couch's Cyc. of Ins. Law; 4 Cooley's Briefs on Insurance, p. 3462; and, contra, New England Mutual Life Ins. Co. v. Reynolds, 217 Ala. 307, 116 So. 151, 59 A. L. R. 1075.

It appears, therefore, that there was in law and in fact a waiver of the premium, and the policy did not lapse.

Judgment affirmed.

Whole court sitting.