MARTH SHERMAN & another *vs.* METROPOLITAN LIFE
INSURANCE COMPANY.

Suffolk.   January 8, 1937. — May 26, 1937.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

SAMUEL K. BRUCE *vs.* NEW YORK LIFE INSURANCE
COMPANY.

Middlesex.   February 2, 1937. — May 26, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Insurance,* Proof of loss, Disability insurance.

Proof of loss, plainly required by the terms of a policy of disability insurance as a condition precedent to commencement of the insurer's liability, was not excused, so as to render the insurer liable without it, by the mental or physical incapacity of the insured to make it.

CONTRACT. Writ in the Superior Court dated May 24, 1934, and afterwards amended.

The action was tried before *Morton,* J., who ordered a verdict for the defendant and reported the action for determination by this court.

CONTRACT. Writ in the Superior Court dated December 27, 1934.

The action was heard without a jury by *Pinanski*, J., who found for the defendant. The plaintiff alleged exceptions.

*Lee M. Friedman*, (*F. L. Kozol* with him,) for the plaintiffs Sherman and another.

*B. J. Killion*, (*J. F. Connolly* with him,) for Metropolitan Life Insurance Company.

*M. H. Goldman*, (*G. S. Harvey & S. Fishman* with him,) for the plaintiff Bruce.

*F. H. Nash*, (*B. Aldrich* with him,) for the defendant New York Life Insurance Company.

LUMMUS, J. The first case is brought upon a policy of life insurance issued to Irving Sherman by the defendant Metropolitan Life Insurance Company. In a supplementary contract made part of the policy, the company promised "upon receipt by the company at its home office in the city of New York of due proof, on forms which will be furnished by the company, on request, that the insured has, while said policy and this supplementary contract are in full force and prior to the anniversary date of said policy nearest to the sixtieth birthday of the insured, become totally and permanently disabled, as the result of bodily injury or disease occurring and originating after the issuance of said policy, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, and that such disability has already continued uninterruptedly for a period of at least three months, it will, during the continuance of such disability," waive the payment of quarterly premiums and pay a certain sum monthly for the disability. It was provided that "such waiver shall begin as of the anniversary of said policy next succeeding the date of the commencement of such disability, and such payments shall begin as of the date of the commencement of such disability, provided, however, that in no case shall such waiver begin as of any such anniversary occurring, nor shall such payments begin as of a date, more than six months prior to the date of receipt of the required proof." The policy provided that "the payment of a premium shall not maintain this policy in force beyond the due date when the next premium is

payable, except as hereinafter provided.  A grace period of thirty-one days, without interest charge, will be granted for the payment of every premium after the first, during which period the insurance shall continue in force."  A lapsed policy "may be reinstated at any time" upon the production of evidence of insurability satisfactory to the company and the payment of all overdue premiums with interest.  But the "supplementary contract" itself provided that "this supplementary contract shall automatically terminate and be of no further force or effect if any premium on said policy, or on this supplementary contract, shall remain unpaid at the end of the period of grace allowed under said policy for payment of premium thereunder."

The action is prosecuted by the beneficiaries named in the policy (G. L. [Ter. Ed.] c. 175, §§ 111, 125), who by a provision of the policy are entitled to receive the monthly payments for disability when the insured is mentally incapacitated, as Irving Sherman was during the period from July 1, 1924, to the date of the writ, May 24, 1934, and still is.  We assume for the purposes of this decision that there was evidence that during that period he was totally disabled by insanity, not only from engaging in any occupation and performing any gainful work, but also from giving notice to the company and furnishing or causing to be furnished to it the "due proof" required by the policy.  No premium was paid after April 2, 1924, when the policy was issued, and no notice of his incapacity was given to the company until December 16, 1932, soon after the policy was found among his effects.  Proof of the claim, which was asked by the company without prejudice to its contention that it is not liable, was furnished on June 3, 1933, by the beneficiaries.  The judge ordered a verdict for the defendant "on the grounds that the insured has failed to comply with the requirements of the policy as to the payment of premiums and the proof of disability," and reported the case.

In the second case, the plaintiff Bruce had a policy of life insurance issued by the defendant New York Life Insurance Company, by which it promised "upon receipt at the company's home office, before default in payment of [annual]

premium, of due proof that the insured is totally and presumably permanently disabled and that such disability occurred after the insurance under this policy took effect and before its anniversary on which the insured's age at nearest birthday, is sixty years," to give him the "benefits" of paying him a certain sum monthly "during his lifetime and continued disability, beginning immediately on receipt of said proof," and of waiving the "payment of any premium falling due after approval of said proof and during such disability." In the event of default in payment of the annual premium after the insured has become so disabled, provision is made for the restoration of the policy and the right to such "benefits," provided such "due proof" is received by the company not later than six months after the default. Other policies held by Bruce contained either the same provisions or others no more favorable to him.

In his action to recover disability payments for the period from November 11, 1933, to July 9, 1934, the plaintiff Bruce introduced evidence tending to show that throughout that period he was totally disabled both physically and mentally, not only "from engaging in any occupation whatsoever for remuneration or profit" within the terms of the policy, but also from giving notice to the company and furnishing or causing to be furnished to it the "due proof" required by the policy; that such notice was given and due proof furnished on July 9, 1934; and that after that time disability payments were made. During the period for which recovery is sought, the plaintiff's wife paid the premiums on his behalf, and he seeks also to recover them in this action as payments made by mistake. The judge found for the defendant, and refused to rule that the plaintiff was excused from giving notice and furnishing "due proof" during such period as he was physically or mentally disabled from doing so. The plaintiff alleged exceptions.

The policy in the *Sherman* case created a liability on the part of the insurer to pay disability payments beginning at the commencement of the disability, but not more than six months before the receipt by the company of the "due proof." That was received, if received at all, not earlier

than June 3, 1933. In respect to liability for the period from July 1, 1924, to December 3, 1932 (six months before June 3, 1933), the case depends upon much the same principles as the *Bruce* case. In the *Bruce* case the policy created a liability for disability payments which began immediately upon the receipt of "due proof," and the premiums which the company agreed to waive were those falling due after approval of the "due proof." In neither case was the furnishing of "due proof" a mere condition, precedent or subsequent, of a liability arising independently. The obligation itself was limited to a period measured and defined by the receipt of "due proof." In the *Sherman* case no obligation existed for any period more than six months before such receipt. In the *Bruce* case no obligation existed for any period before such receipt. These two cases, arising separately, present the question whether, under the policies in question, an actually disabled insured is entitled to disability payments, without furnishing the "due proof" required by the policy, for such period as his physical or mental disability prevented him from furnishing or causing to be furnished such "due proof."

There is no rule that an insured is excused from the performance of a condition precedent of his policy, and entitled to freedom from a lapse or forfeiture of his rights, because of the fact that his nonperformance of the condition was the result of his incapacitating mental or physical condition. That is especially true of the condition that premiums shall be regularly paid, for "prompt payment and regular interest constitute the life and soul of the life insurance business." *Thompson* v. *Knickerbocker Life Ins. Co.* 104 U. S. 252, 258. *Rocci* v. *Massachusetts Accident Co.* 222 Mass. 336, 342. *New York Life Ins. Co.* v. *Alexander*, 122 Miss. 813; *S. C.* 15 Am. L. R. 314 and note. Williston, Contracts (Rev. Ed.) § 808, note 5. In *Bergholm* v. *Peoria Life Ins. Co.* 284 U. S. 489, the policy in effect was much like that in the present *Bruce* case. Long prior to the death of the insured, but subsequent to the beginning of total and permanent disability, the policy lapsed for failure to keep up premiums, unless saved by the terms of the disability clause.

No proof of disability was ever furnished. It was held that there could be no recovery of disability benefits. The court said (pages 491, 492), the "obligation of the company does not rest upon the existence of the disability; but it is the receipt by the company of *proof* of the disability which is definitely made a condition precedent to an assumption by it of payment of the premiums *becoming due after the receipt of such proof.*" The case of *Shea* v. *Aetna Life Ins. Co.* 292 Mass. 575, differs from that case and from the present cases.

Some courts have indeed held that where disability is accompanied by mental or physical incapacity to furnish such proof, the insurer is bound to forego premiums and make disability payments notwithstanding the failure to furnish such proof. Various reasons have been given; that the furnishing of such proof is a condition subsequent (*Pfeiffer* v. *Missouri State Life Ins. Co.* 174 Ark. 783, 792; *Porto* v. *Metropolitan Life Ins. Co.* 120 Conn. 196, 202, 203; *Northwestern Mutual Life Ins. Co.* v. *Carneal*, 262 Ky. 665, 670; *Mid-Continent Life Ins. Co.* v. *Harrison*, 175 Okla. 543; Williston, Contracts [Rev. Ed.] § 809; Am. Law Inst. Restatement: Contracts, § 301 [a] ); that it is only a modal or procedural requirement, to be construed loosely, not a limitation of the substantive right (*McCoy* v. *New York Life Ins. Co.* 219 Iowa, 514, 520; *Northwestern Mutual Life Ins. Co.* v. *Carneal*, 262 Ky. 665, 669; Am. Law Inst. Restatement: Contracts, § 301 [b] ); and that the provision assumes an insured capable of furnishing due proof, and is subject to an implied exception where the insured is incapable. *Hickman* v. *Pan-American Life Ins. Co.* 186 La. 997. *Rand* v. *Home Ins. Co.* 206 N. C. 760, 767. *Levan* v. *Metropolitan Life Ins. Co.* 138 S. C. 253. *Swann* v. *Atlantic Life Ins. Co.* 156 Va. 852, 861. *Johnson* v. *Mutual Life Ins. Co.,* 70 Fed. (2d) 41. The cases are collected in *Mutual Life Ins. Co.* v. *Johnson,* 293 U. S. 335, 338, *Reingold* v. *New York Life Ins. Co.* 85 Fed. (2d) 776, and Williston, Contracts (Rev. Ed.) § 808, note 10.

Contrary considerations seem to us more weighty. Hughes, C.J., said in *Williams* v. *Union Central Life Ins.*

*Co.* 291 U. S. 170, 180, with reference to a different question, "As there is no ambiguity in the provisions under consideration, there is no occasion for resort to the familiar principle that equivocal words should be construed against the insurer. While it is highly important that ambiguous clauses should not be permitted to serve as traps for policyholders, it is equally important, to the insured as well as to the insurer, that the provisions of insurance policies which are clearly and definitely set forth in appropriate language, and upon which the calculations of the company are based, should be maintained unimpaired by loose and ill-considered interpretations." See also *Mendelsohn* v. *Automobile Ins. Co.* 290 Mass. 228, 230; *Palumbo* v. *Metropolitan Life Ins. Co.* 296 Mass. 358, 360, 361. That applies to the present cases. There is no ambiguity or vagueness. The receipt of due proof of disability is not a mere condition, precedent or subsequent, of recovery, but measures and bounds the insurer's obligation itself. *Hatch* v. *United States Casualty Co.* 197 Mass. 101, 103. We cannot deny the language its plain meaning without making a new contract for the parties. To uphold the contentions of the plaintiffs would render uncertain the obligation of an insurer upon a supposedly lapsed policy, or upon a policy upon which premiums are being paid and no claim has been made. We think that the provisions in question were intended to prevent such a result. In the *Bruce* case the defendant is not liable for disability payments for the period prior to the receipt of due proof, nor for the premiums paid during that period. In the *Sherman* case the defendant is not liable for disability payments for the period before December 3, 1932, because of the failure to make due proof earlier, and for the additional reason, applicable as well to negative liability for the later period, that the policy lapsed in 1924 for nonpayment of premium. In each case the decision for the defendant was without error.

Our conclusion is amply supported by authority in other jurisdictions. *New England Mutual Life Ins. Co.* v. *Reynolds*, 217 Ala. 307. *McCutchen* v. *All States Life Ins. Co.*

229 Ala. 616. *Smith* v. *Missouri State Life Ins. Co.* 134 Kans. 426. *Berry* v. *Lamar Life Ins. Co.* 165 Miss. 405. *Mutual Life Ins. Co.* v. *Hebron,* 166 Miss. 145. *Goldman* v. *New York Life Ins. Co.* 115 N. J. Eq. 535. *Courson* v. *New York Life Ins. Co.* 295 Penn. St. 518. *Brams* v. *New York Life Ins. Co.* 299 Penn. St. 11. *Pacific Mutual Life Ins. Co.* v. *Hobbs,* 168 Tenn. 690. *Reynolds* v. *Travelers Ins. Co.* 176 Wash. 36. *Iannarelli* v. *Kansas City Life Ins. Co.* 114 W. Va. 88. *Egan* v. *New York Life Ins. Co.* 67 Fed. (2d) 899. *Chambers* v. *Franklin Life Ins. Co.* 80 Fed. (2d) 339. *Reingold* v. *New York Life Ins. Co.* 85 Fed. (2d) 776. In the *Sherman* case the entry will be, Judgment for the defendant; and in the *Bruce* case, Exceptions overruled.

*So ordered.*