ELIZABETH A. McKENNA *vs.* NEW YORK LIFE INSURANCE COMPANY.

Bristol.    October 25, 1937. — October 24, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Insurance*, Disability.

Where a policy of disability insurance provided for payments only upon due proof of disability "before default in payment of premium," no payment became due for disability occurring after such a default although the policy also provided for a grace of one month for payment of a premium in default, "during which time the policy continues in force," and that "any premium falling due during the period of disability" would be waived upon proof of such disability.

CONTRACT. Writ in the Third District Court of Bristol dated April 25, 1935.

Upon a report by *Bentley*, J., who found for the plaintiff in the sum of $350, the Appellate Division for the Southern

District ordered judgment for the defendant.  The plaintiff appealed.

*T. M. Quinn,* for the plaintiff.

*B. Aldrich,* for the defendant.

LUMMUS, J.  The plaintiff held a policy of life insurance issued by the defendant, which provided that "Upon receipt at the Company's Home Office, before default in payment of premium under said policy, . . . of due proof that the insured is totally disabled as above defined [in the policy], and will be continuously so totally disabled for life, . . . ," the company "will waive the payment of any premium under said policy, . . . falling due during the period of continuous total disability" and will pay to the insured a monthly income of $50 "for each completed month from the commencement of and during the period of continuous total disability." The policy provided that "in event of default in payment of premium under said policy after the insured has become totally disabled as above defined, said policy will be restored and the benefits shall be the same as if said default had not occurred," provided due proof is received within six months.  The provision for grace is as follows: "Grace. — If any premium is not paid on or before the day it falls due the policy holder is in default; but a grace of one month (not less than thirty days) will be allowed for the payment of every premium after the first during which time the insurance continues in force.  If death occurs within the period of grace the overdue premium will be deducted from the amount payable hereunder."

The annual premium of $216.15 came due on August 1, 1934, and was not paid.  On August 11, 1934, the plaintiff was stricken with a cerebral hemorrhage and thereafter was continuously totally and permanently disabled for life.  She was unable, until some time in September, 1934, to take any steps to pay the premium or to communicate to her family the need of paying it.  When payment was tendered on September 10, 1934, after the month of "grace" had expired, it was refused.  The action is brought to recover disability payments.

The liability for disability benefits is conditioned upon the

receipt of due proof of disability "before default in payment of premium," and the consequent waiver of premiums is limited to "any premium . . . falling due during the period of continuous total disability." In this case the premium became due and payable, and the plaintiff became in default, before any due proof of disability and indeed before any disability began. The month of "grace," by the express language of the policy, does not begin until the insured is "in default" because of the nonpayment of premium on the day when it becomes due. The "grace" preserves the policy from immediate forfeiture, but does not of itself vacate the default. The plain language of the policy shows that the plaintiff has no valid claim, notwithstanding the unfortunate situation in which she finds herself through no fault of her own except that of not paying the premium promptly.

Our conclusion is supported by authority in some other jurisdictions. *Talsky* v. *New York Life Ins. Co.* 244 App. Div. (N. Y.) 661, affirmed 270 N. Y. 665. *Brams* v. *New York Life Ins. Co.* 299 Penn. St. 11, 15. See also *Bruce* v. *New York Life Ins. Co.* 297 Mass. 330.

*Order for judgment for defendant affirmed.*